A. A. GALLAGHER, ALIAS ARMSTRONG, v. THE STATE.

*No. 574.   Decided April 6.*

1. Continuance—Practice on Appeal.—On appeal, where the testimony set out in an application for continuance, considered in connection with the evidence adduced on the trial, appears not probably true, or that, if it had been testified as stated, it is not probable that the testimony would have affected the trial more favorably to defendant, it will be *Held,* that the continuance was properly refused.

2. Robbery—Charge—Principals.—In order to warrant the court, on a trial for robbery, in charging upon the law of principals, it is not requisite that the indictment should have charged that defendant was an accomplice, nor that he acted together with any one. It was not necessary to so charge in the indictment.

3. Distinction Between Robbery and Theft from the Person.—If force or violence be used, or the assaulted party is put in fear of life or bodily injury, and his property is thus taken, it is robbery, while theft from the person is constituted by taking the property from his person without his knowledge, or so suddenly as not to allow him time to make resistance.

APPEAL from the District Court of Bell.   Tried below before Hon. W. A. BLACKBURN.

This appeal is from a conviction for robbery, the punishment being assessed at a term of six years in the penitentiary.

This is a companion case to that of E. T. Gallagher v. The State, ante, p. 302, and the evidence in the two cases is substantially the same, with the exception, that in this case E. T. Gallagher, who had been previously convicted, did not testify.

*Hair & Pendleton,* for appellant,

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of robbery, and prosecutes this appeal.   His application for a continuance was based on the absence of M. Sutter, by whom he expected to prove, that immediately after he was robbed, O'Briant, the injured party, entered the saloon where Sutter was, and said "two men had robbed him, and accused said Sutter of being one of the men who had robbed him, and also accused another man, who is known as 'Dutchy' or the 'Little Dutchman,' of having assisted in the robbery."   The refusal of this continuance was made a ground of the motion for a new trial.   It is shown by the testimony, that O'Briant, after being robbed, went at once for an officer, and, having found one, returned to the saloon, and pointed out Sutter as "a man we want" as a witness.   Sutter had been in and about the saloon prior to and after the robbery.   The robbery occurred just outside and in the rear of the saloon.   The evidence is clear and conclusive that appellant was one of the parties who perpetrated the robbery.   It is undisputed, that immediately before the robbery O'Briant went out of and in rear of the saloon, and that E. T. Gallagher, the appellant, and the "Little Dutchman" accompanied

him, or immediately followed him; that the robbery was then and there committed; that these parties at once went away, and fled, and O'Briant re-entered the saloon, complaining of the robbery. O'Briant testified positively, that appellant and E. T. Gallagher committed the robbery, and his evidence is corroborated by the other witnesses, and no contradictory evidence was offered or introduced. He testified, that he did not accuse Sutter of the robbery, but pointed him out as a witness in the case, and this was not done till he had secured an officer, and returned to the saloon; and he is not contradicted on this point. In view of the record before us, the statement of appellant in the application for a continuance is not probably true; and if he testified as alleged, in view of the evidence adduced on the trial, it is not probable that it would have affected the result of the trial more favorably for appellant. Pruitt v. The State, 30 Texas Crim. App., 156. If the affidavits filed pro and con, attached to and used in connection with the motion for a new trial, were considered on this appeal, this conclusion would be placed beyond controversy. There was no error in refusing the continuance.

Another contention for reversal is predicated on the charge of the court wherein he charged the law applicable to principals. This supposed error is urged, "because the indictment did not charge that defendant was an accomplice, nor that he acted together with any one." It was not necessary to so charge in the indictment. Watson v. The State, 28 Texas Crim. App., 34; Finney v. The State, 29 Texas Crim. App., 184; Bell v. The State, 1 Texas Crim. App., 598.

Error is also urged because the court charged the law applicable to robbery, and because the evidence only showed a case of theft from the person. There is nothing in this contention. While it is true the property was taken from the person, yet it was taken by force and vio·lence. This constitutes the offense of robbery under the statute. The statutory offense of theft from the person is not thus constituted. In this latter case the property must be taken from the person without his knowledge, or so suddenly as not to allow time to make resistance, and this must be done by privately stealing the property. Penal Code, arts. 744, 745. If force or violence is used, or the assaulted party is put in fear of life or bodily injury, and the property is thus taken, it is robbery. Penal Code, art. 722.

The judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.