### HARRISON AND GUS JOHNSON v. THE STATE.

*No. 1092.    Decided October 23rd, 1895.*

#### 1.   Robbery—Force—Snatching Property From Another's Hands.

Where there is no fear excited prior to the act of robbery, there must, to constitute the crime, have been force or violence used to the person robbed. The mere snatching of property from another's hand is not such force as will constitute robbery. Such an act would seem, under our statute, to be theft from the person.

#### 2.   Suggestions as to the Preparation of and Counts in Indictments.

Where the pleader cannot be absolutely certain beforehand what the facts may develop on the trial, and where the line of demarkation between offenses has a very narrow margin, the court suggests the use of a sufficient number of counts covering every possible phase of the case. See a case where there should have been counts for robbery, theft and swindling.

APPEAL from the District Court of Cooke. Tried below before Hon. D. E. BARRETT.

This appeal is from a conviction for robbery, the punishment being assessed at 25 years' imprisonment in the penitentiary.

The case is sufficiently stated in the opinion.

*Stuart & Bell*, for appellants.—The court erred in overruling defendants' amended motion for a new trial, because the verdict of the jury was contrary to the law and the evidence, in that the evidence in said cause introduced by the State, makes a case of theft from the person and not robbery, and the evidence introduced by the defense makes a clear case of swindling and not robbery.

The court erred in refusing to give to the jury defendants' special requested charges, as shown by bill of exceptions No. 1, in this cause, said charges being as follows: "Defendants request a charge on swindling, theft from the person, and theft of property over the value of $20, and a further charge that if the jury consider the defendants guilty of any one of said crimes they will acquit them of robbery; or that if they have a reasonable doubt that defendants are guilty of any one of said offenses, they will acquit the defendants of robbery." 30 Texas Crim. App., 381; 32 Texas Crim. Rep., 598; Penal Code, Art. 745, Secs. 2 and 5; Wharts. Crim. Law, paragraph No. 854; Bishop's Crim. Law, 7th Ed., paragraphs Nos. 1166 and 1187.

*Mann Trice*, Assistant Attorney-General, for the State.—Appellants insist that as there was no previous struggle between the parties before appellant obtained possession of the money, the same could not consti-

tute robbery, but simply theft from the person. Under Subdivision 2, Article 745, Penal Code, the taking, "in order to be theft from the person, *must* be so sudden as not to allow time to make resistance *before the property is carried away.*" In this case the injured party grabbed the robber as soon as he snatched the money from his hand, and while in the scuffle for its possession it was handed to the co-defendant. It is apparent, therefore, that resistance was made *before the property was carried away*, and that the resistance was overcome by appellant's drawing a pistol and threatening to blow the top of the injured party's head off; that the injured party had the right to attempt to retake his money, and that he attempted to exercise this right, there can be no question; and that this was done *before the property was carried away*, precludes the idea that under the circumstances the offense could be theft from the person. It is therefore respectfully submitted that the threatened violence and putting in fear, at the very time when he resisted the taking of the money, was such an assault and putting in fear as would constitute the offense of robbery.

HENDERSON, JUDGE.—The appellants were jointly tried under an indictment charging them with robbery, and were convicted and sentenced to the penitentiary for a term of twenty-five years. From the judgment and sentence of the lower court they prosecute this appeal. The appellants assign a number of errors as to whether the evidence in this case shows the offense to have been robbery. The appellants contend that the State's proof showed, if anything, theft from the person, and not robbery; and from the appellant's testimony it showed, if anything, a case of swindling; and this question they raise in their assignments of error in several ways. The evidence shows that the appellants were acting in concert, and that they produced what they term "turning the flying pigeon," which is a piece of leather folded together, with two one-cent pieces concealed therein. It was unrolled in the presence of the prosecutor, Mans Varner, and one of the cent pieces taken out. The appellants then offered to bet that there was another one-cent piece in the roll. It seems that the prosecutor, Varner, was reluctant to bet, and that the appellants made a bet between themselves, and one of them asked the prosecutor to change some money for him, in order to make the bet with the other appellant. Varner took his purse out to get the change, and while he was holding it in his hand, it was suddenly snatched therefrom by Harrison Johnson. Varner then grabbed Harrison Johnson, and the other appellant drew a pistol, and Varner then turned Harrison Johnson loose. This is enough of the testimony to present the issues made by appellants. Our statute on the subject of robbery provides that, "If any person by assault, or by violence and putting in fear of life or bodily injury, shall fraudulently take from the possession or person of another, any property, with intent to appropriate the same to his own use, shall be guilty of robbery." The authorities indicate that, where there is no fear excited prior to the act of robbery,

there must be force or violence used to the person robbed, and all the authorities we have examined, except State v. Carr, 43 Iowa, 418—and that seems to be decided upon the peculiar statute of that State—appear to hold that the mere snatching of property from another's hand is not such force as will constitute the offense of robbery. See 2 Bish. Crim. Law, § 1167, and authorities there cited; 1 Whart. Crim. Law, § 854. Our statute on theft from the person seems to have been intended to cover an offense of this character, and to make the same theft from the person. Boyd v. State (Texas Crim. App.) 29 S. W. Rep., 157. We would suggest that always, in a case of this character, where the pleader cannot be absolutely certain beforehand what the facts may develop on the trial, and where the line of demarkation between offenses, as in this case, has a very narrow margin, to use a sufficient number of counts covering every possible phase of the case. Certainly both robbery and theft should have been alleged. And if the defense, as they insist in this case, presents an offense different from that charged, there should be a count covering that contingency, as that the money in question was won by a swindle. See Gray v. State, 32 Texas Crim. Rep., 598. Because, in our opinion, the evidence in this case fails to sustain the charge of robbery the judgment is reversed, and the case remanded.

*Reversed and Remanded.*