No. 18,760.

THE STATE OF KANSAS, *Appellee,* v. JAMES DUNFORD, *Appellant.*

SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT—*Written Communications between Judge and Jury.* During their deliberations in a felony case the jury sent a message to the judge inquiring whether they could recommend clemency, and he replied in effect that it was not their province as a jury to do so, but that the court would consider any recommendation any or all of the jurors might make after their discharge. *Held,* that the interchange of these messages did not require the verdict to be set aside, notwithstanding the case was one in which the trial court had no voice in fixing the penalty and could grant no parole, it appearing upon the whole record that the jury were not in fact influenced thereby.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed March 7, 1914. Affirmed.

*W. I. Jamison,* of Topeka, for the appellant.

*John S. Dawson,* attorney-general, and *W. E. Atchison,* county attorney, for the appellee.

The opinion of the court was delivered by

MASON, J.: James Dunford was convicted of an assault with intent to kill, and appeals.

Before the verdict was agreed upon the foreman of the jury sent to the trial judge a note reading: "Can we as a Jury recommend clemency or the limit of any

section of the Crimes Act?" The judge returned a written answer in these words: "Under our law it is not the province of the jury to recommend clemency in their verdict or as a jury in any way recommend the limit of punishment, but the court will listen to and consider any recommendation of any or all the members of the jury after their discharge in any case." The defendant maintains that this interchange of messages, conducted without his knowledge, was prejudicial to his rights. A line of decisions, said to constitute probably the weight of authority, holds that any private communication between the judge and jury will work a reversal, without regard to its purpose or effect. (38 Cyc. 1861.) Such, however, is not the law of this state. In two instances it has been held by this court that a new trial is not required by the fact that the judge has told the jury, out of court, that they might include in a verdict of guilty a recommendation for clemency. (*The State v. Borchert,* 68 Kan. 360, 74 Pac. 1108; *The State v. Evans,* 90 Kan. 795, 136 Pac. 270; see, also, *Dowling v. State,* 7 Ga. App. 613.) Counsel for the defendant points out this difference between the Kansas cases cited and that now under consideration: There the trial court had the power to assess the punishment between limits fixed by the statute; here the indeterminate sentence law applied and the court had no control over the penalty, and moreover the circumstances were such that the judge had no power to grant a parole. The argument is made that in each of the three cases the jury were given to understand that their recommendation to mercy would be considered by the judge, and might be given effect by him; that in this they were necessarily mistaken in the present case, but not in the other two. We do not think it can fairly be said that, because the district court could neither limit the sentence nor grant a parole, a recommendation for clemency addressed to him would necessarily be ineffective. The

statute requires the trial judge to furnish the prison board all the information he can in regard to a convicted defendant, bearing upon the likelihood of his becoming a good citizen. (Crim. Code, § 272c.) The fact that the jury had recommended clemency would be obviously pertinent in that connection, and might be given weight by the board in deciding the course to be pursued. But apart from this consideration we think it must be presumed that the jury understood that their duty was to decide whether the defendant was guilty or innocent, under the evidence. The testimony given upon the motion for a new trial tended to confirm rather than overthrow this presumption, and to show that no prejudice was occasioned by the communication between the judge and the jury, because it did not in fact affect the result of their deliberations. We think it clear that the case is within the spirit of the decisions in the Borchert and Evans cases, notwithstanding that here the trial court had no power to exercise clemency directly. In *McBean v. The State,* 83 Wis. 206, 53 N. W. 497, cited by counsel for the defendant, a reversal was had because the trial judge had assured the jury, before a verdict was reached, that they could rely upon the clemency of the court to the defendant. Such a message to the jury would seem to be equally fatal to the verdict whether or not the judge had power to give effect to his assurance. In the present case we are convinced that the communication from the judge was not fairly to be interpreted as a promise of clemency, was not so understood by the jury, and did not in fact influence their verdict. It results from this view that the judgment must be affirmed.