## HUGH JARROTT V. THE STATE.

· No. 7836.   Decided January 2, 1924.

**1.—Theft from Person—Continuance—Materiality of Testimony.**

Where upon trial of theft from the person defendant's application for continuance showed diligence and that the absent testimony was material the same should have been granted.

**2.—Same—Charge of Court—Force and Violence—Robbery.**

Where, upon trial of theft from the person committed so suddenly as to not allow time for resistance, and there was testimony raising the issue that if an offense was committed it was that of robbery and not theft from the person, the Court should have submitted this issue as requested and failure to do so is reversible error.

**3.—Same—Argument of Counsel—Moral Turpitude.**

Where testimony was admitted solely upon the issue of defendant's credibility as a witness and was properly limited to that purpose by the Court's charge, the county attorney's argument "if you will show me a man who will sell whisky for profit I will show you a man who will do anything," is re versible error.

Appeal from the District Court of Montague.   Tried below before the Honorable C. R. Pearman.

Appeal from a conviction of theft from the person; penalty, two years in the penitentiary.

The opinion states the case.

*Chancellor & Bryan,* for appellant.—On question of Court's charge, Reese v. State, 239 S. W. Rep., 619; Williams v. State, 102 id., 1134.

On question of credibility of witness, Whitfill v. State, 169 S. W. Rep., 681; Little v. State, 178 id., 326; Miller v. State, 185 id., 29; Glasser v. State, 233 id., 969.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.—On question of argument of counsel Reub v. State, 93 Tex. Crim. Rep., 345, and cases cited in opinion.

HAWKINS, JUDGE.—Conviction is for theft from the person, punishment being assessed at two years in the penitentiary.

The indictment charged that appellant took twenty-five dollars from the possession of Lester Kline so suddenly as not to allow time to make resistance.   (See articles 1350 and 1351, P. C.)

The transaction out of which this prosecution grew occurred in front of a cafe which was being operated by appellant.   Several parties were on the sidewalk in front of the cafe, among them being an officer by the name of Black.   It was sufficiently light for parties to see

without difficulty what was transpiring. Kline testified that a party handed him twenty-five dollars in re-payment of a loan; that appellant snatched the money from his hand before he had time to resist; that appellant went into his place of business and was followed by prosecuting witness who engaged in a scuffle with appellant inside the cafe in an endeavor to recover his money, but that appellant handed it to a third party who passed out of the back door. Officer Black testified in substance that he saw appellant and Kline scuffling on the sidewalk, and "it looked like appellant was trying to twist something out of Kline's hand;" that this occurred on the sidewalk in front of appellant's place of business and not inside the cafe. Appellant testified that several parties were standing in front of his place of business and that he noticed the money in Kline's hand and that he took the twenty-five dollars in question and passed it to Levi Stallsworth; that the money was taken not with the purpose of depriving Kline of it, but that it was done as a joke and that he (appellant) expected Stallsworth to return the money to Kline.

Appellant asked for a continuance for the witness Stallsworth. It appears that Stallsworth had been subpoenaed. It is alleged that if present at the trial he would testify that he knew at the time the money was taken it was intended as a joke and was never intended for any other purpose and that it was the intention to return the money to Kline. It appears from the evidence that Kline did in fact receive from Black, the officer, the twenty-five dollars taken from him, but it is not shown from whom Black secured this money. We believe the learned trial judge was in error in refusing the continuance. If an offense was committed it was under rather peculiar circumstances. Several parties were immediately in front of the cafe at the time the transaction occurred, among them an officer, and it is singular that appellant would undertake the commission of an offense of the character charged under these circumstances and we believe he was entitled to have Stallsworth present to support his statement that the taking of the money was intended as a joke.

The case was submitted to the jury upon that phase of the law embracing theft from the person committed so suddenly as not to allow time for resistance. Appellant found no complaint at the charge as submitted but contended at the time of trial and now contends here that the evidence of officer Black raised the issue that if an offense was committed at all it was that of robbery and not theft from the person; that the money was taken as a result of violence and over the resistance of Kline and not so suddenly as to prevent resistance. A special charge presenting this theory to the jury was requested and refused. The taking of property from the person by force and violence is robbery and not theft from the person. Gallagher v. State, 34 Texas Crim. Rep., 306, 30 S. W. Rep., 557. Snatching money from another's hand so suddenly as not to allow time for resistance

does not constitute robbery but would be theft from the person. Johnson v. State, 35 Texas Crim. Rep., 140, 32 S. W. Rep., 537. It will be observed from the evidence of Kline heretofore set out that he makes out a complete case of theft from the person, while the evidence of officer Black would indicate that the scuffle he saw the parties indulge in occurred on the sidewalk at which time appellant apparently was trying to violently take something out of Kline's hand. The evidence leaves no question but that at some time during the proceedings a scuffle between appellant and Kline took place. Black and Kline may refer to the same scuffle regardless of the fact that one claimed it to have taken place inside the cafe and the other on the sidewalk. This matter does not seem to have been very clearly developed. We suggest that in the event of a retrial if the evidence fairly raises the issue that the money was taken as a result of violence and after resistance on the part of Kline it should be submitted to the jury under appropriate instructions as he could not be convicted of robbery under an indictment charging theft from the person.

While appellant was testifying in his own behalf the state elicited the fact that he had been convicted for the illegal sale of whisky and was then under indictment for other charges of like character. This evidence was admitted solely upon the issue of appellant's credibility as a witness and was properly limited to that purpose by the court's charge. During argument the county attorney made the following statement: "If you will show me a man who will sell whisky for profit, I will show you a man who will do anything."

Objection was made to this argument because the county attorney was urging the jury to appropriate the former convictions and pending charges as circumstances against appellant to determine his guilt of the charge for which he was then being tried. We believe this argument ought not to have been indulged in. Prosecuting officers in their zeal should not so frame their argument as to induce a jury to appropriate for general purposes testimony which can be properly introduced only for a limited purpose. The effect of the argument was to tell the jury that one who had been selling whisky for profit was likely to be guilty of the offense of theft from the person.

For the reasons given the judgment must be reversed and the cause remanded.

*Reversed and remanded.*