### ROBERT MAYNARD V. THE STATE.

No. 10702.   Delivered April 20, 1927.

**1.—Murder—Evidence—Physical Condition of Deceased—Properly Admitted.**

Where, on a trial for murder, there was no error in permitting the state to show by a physician that the deceased was a paralytic, and had no use of one arm and one leg. Under the facts of this case, we are of the opinion that there is no reversible error shown.

**2.—Same—Confession of Accused—An Inmate of Epileptic Hospital—Properly Admitted.**

Where, on a trial for murder, a written confession of appellant was offered in evidence by the state, and objected to on the ground that the appellant was insane at the time of making the confession, he being at the time confined in the State Hospital at Abilene, for the treatment of epileptics. His commitment to this institution by the County Judge of Lamar County, was not a judgment of insanity and he was not thereby incapacitated to make a voluntary statement, and the confession was properly admitted.

**3.—Same—Continued—Statutes Construed.**

It was not the purpose of the legislature, Arts. 3223-3233 of the Revised Statutes of 1925, to treat this institution as one for the insane, and to regard all epileptics placed therein as being insane subjects. The commitment of one to same is not had upon a trial for insanity, but upon a certificate from a reputable physician. See Art. 3230, Revised Civil Statutes, 1925.

**4.—Same—Continued.**

On the other hand, Arts. 5550-5561, inclusive, R. C. S., pertaining to lunatics, require a trial before a jury, a finding on special issues, one of which is that the defendant is of unsound mind, and that it is necessary that he be placed under restraint. When a judgment of insanity is properly entered,

and is shown in evidence, it devolves upon the party attacking it to show by a preponderance of the evidence that the defendant, since the date of said judgment, has become sane.

**5.—Same—Argument of Counsel—Inflammatory and Prejudicial—Reversible Error.**

Where counsel for the state in his argument to the jury indulged in highly inflammatory statements of such a character under the peculiar facts of this case, as to appeal to the passion and prejudice of the jury, under the unbroken line of decisions in this state, the judgment must be reversed and the cause remanded. See Smith v. State, 117 S. W. 970, and Nichols v. State, 290 S. W. 1093.

Appeal from the District Court of Taylor County. Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction of murder, penalty eight years in the penitentiary.

The opinion states the case.

*Oliver Cunningham* and *Ernest W. Wilson* of Abilene, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of murder, and his punishment assessed at eight years in the penitentiary.

The record discloses that appellant and deceased, at the time of the homicide, were inmates of the Abilene State Hospital, a state institution provided for the treatment of epileptics. It further appears from the record that appellant, contending that deceased had stolen from him about $10.00 in money, attacked deceased with a knife and cut his throat. The appellant did not testify on the trial, but interposed the defense of insanity.

The record contains eight bills of exception. In bill No. 1 complaint is made to the action of the court in permitting the state to show by Dr. Shytles, one of the physicians at the hospital, that deceased was a paralytic and had no use of one arm and one leg, it being contended that said testimony was irrelevant, immaterial and prejudicial, and that the court, in his attempt to withdraw same from the jury immediately thereafter by instructing them not to consider it, did not eliminate the injury done to the appellant. Under the facts, and in view of the verdict, we are of the opinion that there is no reversible error shown in this bill.

Appellant's counsel, in their able brief, complain of the action of the court in permitting the state to introduce in evidence a

voluntary confession made by appellant to the County Attorney, and of the action of the court in charging the jury that the burden of proof was upon appellant to show that he was insane at the time of the homicide.   It is strenuously insisted by appellant's counsel that the admission of said confession was erroneous because the appellant was an inmate of the Abilene State Hospital by virtue of a "commitment" issued by the County Judge of Lamar County placing him in custody of the superintendent of said hospital, and that, being insane, he was incapacitated to make a voluntary statement and that the court erred in charging the jury that the burden of proof was upon appellant to establish his insanity, but should have charged that the burden was upon the state to prove the defendant's sanity at the time of the homicide.   These objections are embodied in bills of exception Nos. 5 and 6.   Appellant's counsel take the position that the evidence shows that at the time of the homicide appellant was in the care of the superintendent of said hospital and had been for several years, and that the act of the County Judge of Lamar County in "committing" him to said institution was equivalent to the commitment of lunatics to the insane asylum, and that the instant case would come under the doctrine announced by this court to the effect that when it is shown that a lunatic has been tried, convicted and committed to the insane asylum, the burden of proof is upon the state, in the event of his subsequent trial for a criminal offense, to show that the accused was sane at the time of the alleged commission of the offense, citing Moss v. State, 152 S. W. 927.   Appellant also contends that Arts. 3223-3233, inclusive, of the Revised Civil Statutes show that the legislature intended to treat this institution as one for the insane, and regarded all epileptics placed therein as being insane subjects.   We are not in accord with this contention.   Art. 3224, R. C. S., exempts from this institution idiots and imbeciles, and classifies those eligible to enter it as indigent public patients, non-indigent public patients, and private patients.   The record shows that the appellant in this case was classified as a public patient.   Art. 3228 states that for a public patient there must be made an application under oath to the county judge for admission to this institution, showing the name of the epileptic, sex, age, property, if any, the value thereof, residence, occupation, parent or guardian, husband or wife, if any, children, relatives similarly affected, etc. Art. 3229 requires a certificate from a reputable physician, certifying the age of the epileptic at the first attack, the date of the last attack, physical condition and bodily disorders.   Art. 3230

makes it the duty of the county judge, when said application shows that the applicant is entitled to admission, to forward the application to the superintendent of the institution, together with a full copy of the proceedings had in such case. These statutes embrace all the prerequisites necessary to entitle one suffering from epilepsy to admission to said hospital, and there *is* nothing therein requiring the applicant to show that he is within that class referred to by the expert testimony in the instant case as "epileptic insane," and there is nothing requiring the county judge to adjudicate any issue of insanity on the part of the applicant, but the county judge merely ascertains and certifies that the applicant meets the requirements set out in the statutes referred to.

On the other hand, Arts. 5550-5561, inclusive, R. C. S., pertaining to lunatics, require a trial before a jury, a finding on special issues, one of which is that the defendant is of unsound mind and it is necessary that he be placed under restraint, and a judgment entered upon said finding adjudging defendant of unsound mind and ordering him to be restrained and given treatment in an insane asylum. Of course, when a judgment of this kind is properly entered adjudging defendant insane and ordering him to be restrained and treated in an insane asylum, it bears and carries the same verity as any other judgment, and when such a judgment is shown in evidence it would devolve upon the party attacking it to show by a preponderance of evidence that the defendant, since the date of said judgment, has become sane. We think there is a wide contrast between a judgment of insanity against a lunatic under the articles, supra, and the forwarding of an epileptic's application and copy of the proceedings had by the county judge to the superintendent of the epileptic hospital. The evidence discloses that the state's witnesses, or some of them, testified to the sanity of the appellant at the time of the homicide, while appellant's witnesses testified, in effect, that he was insane. After a careful examination of the entire record and the authorities cited and available to us, we are of the opinion that the record shows no error in the action of the court in admitting the voluntary statement of the appellant in evidence, and in charging that the burden of proof was upon the appellant to show that he was insane at the time of the homicide. This issue was for the jury to decide, and we think that under the facts of this case the charge properly submitted same to them. Apolinar v. State, 92 Tex. Crim. Rep. 583, 244 S. W. 813.

In bills of exception Nos. 2, 3, 4 and 8 complaint is made to the closing argument of the District Attorney as follows:

"If the time has come when a man may cut the throat of another man and claim exemption from punishment because he is an epileptic then it is high time the honest jurors of Taylor County do something to remedy the condition—else all those colony patients will be made to know that they cannot be punished for their crime and they will all turn murderers."

"If you send this man to the penitentiary and he kills twenty-five penitentiary guards, and he is tried and convicted of their murder—he will have his remedy of Ma Ferguson and she can get others to take their place."

"He, the defendant, has let his whiskers grow out just for the purpose of looking as bad as he can for this trial."

"This is a dangerous man. Sane or insane, he ought to be confined somewhere. His attorneys argue that he should be sent to the asylum. But I tell you that if you acquit him he cannot be sent to the insane asylum without a jury trial in the county court, before six men; and the first witness his lawyers will present to prove he is not insane, in that court, will be Dr. Shytles, the best authority on mental diseases in this community; and he has already sworn that he is sane, and he will have to swear in the county court that he is sane. And on his testimony this man will be turned loose on this community, a menace to every man."

The appellant made timely objections to all of the arguments quoted above, but all of said objections except that to the statement quoted in the last paragraph, were overruled by the court. When the last statement was objected to, the court verbally instructed the jury not to consider same, and qualifies this bill of exception by stating that his argument was in reply to a statement made by appellant's counsel to the effect that the appellant should be acquitted and tried in the county court and sent to the insane asylum.

We are of the opinion that the arguments complained of were improper, highly inflammatory, and of such a character, under the peculiar facts of this case, as to appeal to the passion and prejudice of the jury. The punishment assessed being greater than the minimum, we are unable to say that this character of argument was not of such a nature as would require a reversal of the case. On the contrary, it appears to us that same was bound to injure the appellant, and for that reason the case must be reversed.

This court has held many times that it was wrong for the District Attorney, in his argument to the jury, to make an inflammatory speech of this kind, especially where the facts are calculated to appeal to the passion and prejudice of the jury. In the case of Smith v. State, 117 S. W. 970, on rehearing, this court reversed that case on account of argument of a similar nature to that made in the instant case. In Nichols v. State, 290 S. W. 1093, this court, through Judge Lattimore, in discussing improper argument of the District Attorney, stated:

"This court regrets very much the necessity for the reversal of cases because of improper argument. Room for proper argument is so wide that it seems unnecessary that language of this kind should be used. We know of no way by which the evil of such argument can be prevented. The only thing we can do is to call the attention of the prosecuting attorneys to the impropriety thereof, and to attempt by reversal to prevent the injury in a particular case."

For the error above discussed, the judgment of the trial court is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.