## LEON MARSHALL V. THE STATE.

### No. 11077.   Delivered November 16, 1927.

### Rehearing Denied February 1, 1928.

#### 1.—Theft—Evidence—Res Gestae—Properly Admitted.

Where a witness came up to appellant and his co-defendant at the time of the burglary and theft, statements made by said witness and by appellant at the time, were res gestae declarations, and properly received in evidence.

#### 2.—Same—Confession of Accused—Its Voluntary Character—Rule Stated.

While the voluntary character of a written confession of the accused if brought in issue is primarily for the court to pass upon, yet when all evidence attacking its voluntary character is admitted, and the issue submitted for the determination of the jury, no serious error is presented in such procedure.

#### 3.—Same—Requested Charge—Properly Refused.

Where the court had given a requested charge presented by appellant correctly presenting the issue of the voluntary character of appellant's confession, admitted in evidence, there was no error in refusing another requested charge covering the same issue.

#### 4.—Same—Asportation in Theft—Rule Stated.

To constitute the offense of theft it is not necessary that the property be entirely removed from the premises where located.   To enter the premises and take corporeal possession of the property is sufficient.

##### ON REHEARING.

#### 5.—Same—Confession of Defendant—Properly Admitted.

Appellant contends on rehearing that the confession introduced, made by himself was shown not to have been voluntarily made.   The evidence heard did not establish it to be such, but merely raised the issue of its voluntary character.   Having properly submitted this issue in his charge to the jury same was the correct procedure for the court to follow.

Appeal from the District Court of Clay County.   Tried below before the Hon. Vincent Stine, Judge.

Appeal from a conviction for theft, penalty two and one-half years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* States Attorney, for the State.

LATTIMORE, JUDGE.—Conviction of felony theft, punishment two and one-half years in the penitentiary.

The alleged stolen property consisted of two radio sets which were in a garage at Petrolia, Texas, on the night in question. A witness testified that he saw appellant and one Rich, in the garage the day before said garage was broken and entered at night. Said garage was broken and entered by some one on or about the night of January 16, 1927. A witness testified that on said night he saw some car circling around said garage, jumped in his car and drove up there, and came upon a Ford touring car which did not have a Clay County number. Witness concluded to get the number of said car and drove around and started back toward the garage, saw its door "flare open," speeded up and saw a man run out of the garage. He was unable to say positively who the man was. He testified that the man was bent over and running and seemed to be a tall man, and in size compared with John Rich. As the man ran witness ran after him, fired twice at him and the man dropped a battery and escaped. Witness went to where he had seen the Ford touring car, pulled the wiring loose on said car and went back. About thirty minutes afterward witness saw appellant and John Rich at the car whose wires had been loosened by witness. He told them to stick them up, that they were looking for some boys who had broken into the garage, and "they said we were mistaken, it wasn't them." Another witness, Mr. Moore, testified that he went with the preceding witness to the garage about 12:30 or 1 o'clock at night, saw a man run out of the back of the garage, said he was a tall man, and saw that man again the same night when he was arrested. This man he said was John Rich, and appellant was with him in a car when they were arrested. The state introduced Mr. Cunningham, Sheriff of Clay County, who was shown a written statement and testified that he had seen it before and saw appellant sign it. At this point the state introduced the written statement identified by Mr. Cunningham. Said statement contained appellant's signature and the affirmation that he was making same voluntarily, that no one had in anywise made any threats or promises or done anything else to cause him to make the statement; that he had been warned by the County Attorney, to whom the statement was made, that he did not have to make same, and that if he did make same it might be used in evidence against him on

his trial for the offense concerning which same was made, and that it was voluntary in every respect. Said statement contained the admission of appellant that he went to Petrolia with John Rich between 1:30 and 2 o'clock Sunday morning, January 16, and after parking their car south of a lumberyard they went up to the garage which was burglarized and from which the alleged stolen property was taken. It further stated that Rich said he wanted to get something out of the garage and told appellant to stay out in front; that he did not want appellant to go into the building with him, but if he saw anybody coming to whistle; that Rich was in the building quite a while, during which time appellant stayed out in front. That appellant left when he saw a car coming toward the garage, went across the street and got behind a sign-board; that he saw the car go beyond the garage and heard some shooting; that John Rich came running from behind the garage and passed appellant who ran with him; they went down the railroad track to the elevator, crossed the railroad track, went north, then circled around and came back by the school house to where their car was parked; they tried to start the car and could not get it started; that Rich said as they were coming back to the car that it was a pretty close scrape for him; that appellant did not whistle when he saw the car coming because he did not know whether it was coming or not, and was afraid if he whistled the parties in the car might think something was wrong and stop; that John Rich told him when they started up there that night that he had stopped at the garage Saturday afternoon, had seen the stuff in there, and "that was what we went up there for." This is in substance the contents of said written statement of appellant. Another witness testified that he had a conversation with appellant after the latter made bond in this case and appellant told him that John (meaning John Rich) asked him to go with him up there and told him he had a good thing, and if he would go with him he would divide up, and that he went with him, and when they got there they left the car some distance from the garage and walked down to the garage, and John told him to watch there and if anybody came along to whistle for him, and he would go in the garage and get those things out and they would load them in the car.

We are unable to agree with appellant's insistence that the trial court erred in allowing witness McGee to state that when he came upon appellant and Rich that night he told them to stick them up, that they were looking for some boys who broke into the garage, and that they (meaning appellant and Rich)

said they were mistaken. The bill presenting this is qualified by the statement that same admitted as part of the res gestae. We think the trial court did not err in this regard. The statement made and attributed to appellant was entirely in line with and accorded with his defense in this case, as we understand it. Appellant testified in the case, admitting that he went to Petrolia with John Rich on the night in question, reaching there about one o'clock. He also admitted that when he and Rich went to their car they could not start it,. and that Mr. McGee came there and arrested them. The substance of his testimony was also that the officers were mistaken in thinking that he and Rich were the parties who broke into the garage. He says that Rich was with him all the time after they got to Petrolia, and that neither of them went to the garage. The statement was made in a few minutes after the alleged burglary.

The second bill of exceptions reflects complaint of the admission in evidence of the written statement made by appellant. At the time said statement was offered appellant requested that the jury be withdrawn and that the court hear testimony for the purpose of showing that said confession was secured through hope of immunity and was influenced by statements and persuasion of a Mr. Boyd and appellant's father and the County Attorney. The statement having been identified as being the one made by appellant and containing the statutory statement of warning and a positive. affirmation that it was voluntary, the court declined to hear the testimony, but as set out in a qualification to the bill of exceptions he allowed appellant to put before the jury all of the evidence which he desired, tending to show that the statement was involuntary and induced by promises of immunity. As we understand the rule, the question primarily of the admissibility of a confession of this kind is for the court. If an issue of fact as to whether same was admissible by reason of promises of immunity, persuasion by one in authority, etc., arose, it is customary for the court to submit to the jury for their finding on this issue of fact, instructing them if they believe the confession was induced by promises or persuasion of some one in authority, same should not be considered. Inasmuch as the court, after admitting the confession, permitted appellant to introduce all the testimony which he desired relative to the question of the voluntary character, etc., of said written statement, and then gave to the jury a written charge prepared by appellant instructing them not to consider such written statement if they thought same was not voluntary, or that appellant was induced to make same by promises of im-

munity or persuasion by one in authority—there was no serious error in the court's action in declining to hear said testimony before admitting the written statement.    Substantially the same complaint is made in appellant's third bill of exceptions.

The fourth bill of exceptions relates to the refusal of the court to give special charges telling the jury in effect that if appellant was induced or persuaded to make the confession with the hope of immunity, etc., that same should not be considered.  The necessity for this charge was entirely obviated by special charge No. 4 prepared by the appellant and given by the court, in which the jury were told that under our law no statement, written or verbal, made under arrest is admissible unless voluntary, and that any statement made by the defendant by reason of promises held out to him by the County Attorney or any peace officer would not be admissible, and if the jury believed from the evidence that appelant was induced to sign the written statement by any promise of the County Attorney that if appellant would sign it it would make it easy on him, or that he would not be prosecuted, then they would not consider said statement for any purpose whatever.  We have carefully examined the testimony of appellant's father, of Mr. Boyd, and of the other witnesses for the defense and fail to find in same testimony affirming that any promise of immunity, or that it would be better for him to make the confession, or that it would be easier on him if he did make the same, was made to appellant by any officer or person in authority.  Mr. Boyd testified that he did not advise appellant to sign the statement, but probably did tell him that if he was in his place he would make a statement.  He said he did not try to persuade appellant to sign any statement, but did advise him to plead guilty, telling him that it was his best chance.

Appellant sought to have the court give a special charge instructing the jury that in order to constitute theft, the property in question would have to be removed from the premises of the alleged owner, etc.   This we do not think to be the law. The owner of the property testified that when he left his place that night the radio sets were at a certain place, and that when he came down the next day they had been removed to another place.   When he left they were up in front of the garage on the counter; when he came back they were piled in the back of the garage.   We think this is a sufficient removal of the property and taking of the same into the possession of the alleged thieves. We are not prepared to say that the evidence in this case is

not sufficient to justify the jury in concluding that appellant and Rich were acting together in the theft of the property in question.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The effect of the motion for rehearing is a contention that the trial court should have held and that we should now hold that as a matter of law appellant was induced by the District Attorney to make the confession introduced in evidence. We have again carefully examined the evidence upon that point as given by appellant himself, his father, Mr. Boyd, Mr. Cunningham and Miss Reddy. If any other witness testified on that issue we have failed to find it. Considering their testimony along with the recitals in the confession itself, the most that can be said for it is that it raised an issue of fact but fell far short of establishing it. The court properly submitted the question to the jury. This is all he could do with propriety under the record. We note that after appellant was released on bond he made a statement to George Levell, which amounted to a confession of his guilt.

The motion for rehearing is overruled.

*Overruled.*