**BERGDORF v. STATE.** (No. 12699.)

Court of Criminal Appeals of Texas. Oct. 9, 1929.

Rogers & Smith, of Big Spring, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. The offense is murder; the penalty, death.

At the time of the tragedy appellant was a day laborer living in the town of Big Spring with his family. On the day of the killing he seems to have started from Big Spring to Lamesa in search of work. On the road he met deceased at a filling station a few miles north of Big Spring. They were strangers to each other. Approaching deceased, appellant asked him, "Who are those boys with blue jackets on?" To which deceased replied, "What business of yours is that?" Whereupon appellant "kinda laughed and squatted down on his feet in front of him." A short time thereafter he went to his car, got his Winchester, and came back and told deceased to get in his (appellant's) car or he would blow his brains out. Deceased failed to comply, and appellant shot him through the head.

Insanity was the only defense offered by appellant.

By the court's qualification to bill of exception No. 1, it appears that during the examination of appellant's brother as a witness, it was shown that appellant had been sent to the penitentiary in Oklahoma twice, the last time for assault to murder. Appellant, while on the witness stand, was also cross-examined by the district attorney with reference to his having been in the penitentiary in Oklahoma twice, whereupon it developed that it had been more than ten years prior to the trial, and upon objection and motion of the appellant all this testimony was stricken from the consideration of the jury and the jury instructed not to consider the same for any purpose. By this same bill it is made to further appear that the district attorney in his closing argument to the jury used the following language: "That the defendant was relying upon a plea of insanity in this case, but he ought to be willing to bare his past life. When he was on the witness stand and was asked about his past life, the number of terms he had served in the penitentiary and all his conduct in the past, he objected." Upon objection the court verbally instructed the jury not to consider these remarks, after which the district attorney continued: "Gentlemen of the jury, when you retire to consider of your verdict, I am thankful that there will be no district attorney, nor defendant's attorney to offer objection to a full consideration of all the testimony in this case. You can consider all testimony adduced upon the witness stand in regard to this man's past life. I am glad to state gentlemen of the jury that when you retire to consider your verdict you can think as you please. No State or defense attorneys to urge technical bills of exceptions and objections." Objection was sustained to this argument by the court, whereupon the district attorney is shown to have continued as follows: "Yes, you can have all the bills of exceptions you want. Bills of exceptions are technicalities carried to the higher courts to reverse this case on, but let the higher courts do as they please and you do as you please. Bills of exception are used in the higher courts to undo what you have done, but let them do as they please and you do as you please." This argument was objected to, and the court again instructed the jury to not consider it.

We think the effect of these remarks was a covert and prejudicial appeal to the jury to disregard the instructions of the court and consider inadmissible testimony which had been properly stricken. Similar arguments have been many times condemned. See Rogers v. State (Tex. Cr. App.) 13 S. W. (2d) 116; Smith v. State, 55 Tex. Cr. R. 569, 117 S. W. 966; Maynard v. State, 106 Tex. Cr. R. 558, 293 S. W. 1104; Weige v. State, 81 Tex. Cr. R. 476, 196 S. W. 524; Jarrott v. State, 96 Tex. Cr. R. 239, 257 S. W. 256; McClure v. State, 100 Tex. Cr. R. 545, 272 S. W. 157; Cotton v. State (No. 11977, Tex. Cr. App.) 19 S. W.(2d) 319, opinion delivered June 26, 1929.

It seems hardly necessary to add that neither the jury nor this court can "do as it pleases." The agencies through which organized government functions have had their respective duties precisely defined by law. They are oath bound to follow these. To knowingly disregard them is to become a usurper of power and a menace to the processes of orderly government. There could be little reason for this court's existence except to see that governmental agencies in the enforcement of law follow the rules laid down for their guidance. The trial court apparently did all in his power to protect the rights of the accused, but we regard the argument as of that prejudicial character which was capable of such injury that we feel unauthorized to speculate as to its probable effect, particularly where the extreme penalty has been given.

Because of such argument, the judgment is reversed and cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.