No. 30,076.

THE STATE OF KANSAS, *Appellee,* v. HARLAN COTTON, *Appellant.*

(4 P. 2d 367.)

Opinion filed November 4, 1931.

*C. L. Aikman,* of El Dorado, for the appellant.

*Roland Boynton,* attorney-general, *R. O. Mason,* assistant attorney-general, *R. C. Woodward,* county attorney, *C. Glenn Morris,* assistant county attorney, and *Stanley Taylor,* of El Dorado, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The defendant was convicted of grand larceny for the theft of a steer.

He appeals, first directing our attention to his *seventh* specification of error which is predicated on want of sufficient evidence to

sustain the verdict of the jury. The state's evidence included that of eye witnesses who saw defendant hauling a steer in a truck, which steer was afterwards identified as the property of Seglem and Hamilton from whom it had been stolen. The state's evidence also tended to show that the stolen steer was sold by defendant to one Stearns, and when the latter reproached defendant for such evil conduct he virtually admitted it. The record reads:

"Stearns, witness, said, 'Harlan, that wasn't your steer. Why didn't you tell me that was a stolen steer?' Defendant replied, 'Well, if I had told you you wouldn't have bought it.'"

It was also shown that defendant tried to settle the matter by paying for the steer. This evidence was quite sufficient to justify and require its submission to a jury, and the verdict based thereon cannot be disturbed.

We have not failed to note, of course, the evidence adduced by defendant which tended to show that he had a steer quite similar in age and appearance to the stolen one, and that he believed he was selling his own steer. That was a plausible story to tell to a jury, but since the jury disbelieved it, it is altogether useless to rehearse it in this court.

Defendant next finds fault with the form of the verdict. It reads:

"We, the jury impaneled and sworn in the above-entitled cause, do upon our oath find the defendant guilty of grand larceny. *The jury in this case recommends a parole to the defendant.* W. J. CASE, *Foreman.*"

Anent the words which we have italicized the point is made that under the ruling in *State v. Potter,* 15 Kan. 302, the verdict should not have been received by the court because of the recommendation for clemency. In that early case it was said that it was quite proper for the court to decline to receive a verdict of guilty with a recommendation for clemency appended thereto and to require the jury to render a verdict without such unauthorized addendum. Of course that was *one* correct way to deal with the matter. But the same purpose would have been accomplished by ignoring the addendum, as was done in this case. Later precedents than *State v. Potter* covering this question can readily be found in our reports. We have held that a recommendation for clemency in a verdict or accompanying it is harmless error. (*State v. Borchert,* 68 Kan. 360, 74 Pac. 1108; *State v. Evans,* 90 Kan. 795, 136 Pac. 270; *State v. Dunford,* 91 Kan. 898, 139 Pac. 430.) See, also, discussion of the effect of surplus matter in verdicts in civil cases in *Hall v. Kansas City,* 112 Kan. 752, 212 Pac. 875.

A good statement of the pertinent law on this point appears in the treatise on Criminal Law in 16 C. J. 1110. It reads:

"As a general rule a recommendation to mercy is not a part of the verdict; it is merely in addition thereto, in no wise qualifying the verdict's legal effect. Except in so far as the court is required by statute to give a prescribed effect to such a recommendation in pronouncing sentence, it is addressed to the discretion of the court, and, although it is entitled to great consideration, it is not binding on the court, and may be disregarded or rejected by it as surplusage."

There is nothing further in this case to justify discussion, and the judgment is affirmed.