## STATE v. PRIESTLEY.

No. 6078.   Decided June 5, 1939.   (91 P. 2d 447.)

*R. R. Hackett*, of Vernal, for appellant.

*Joseph Chez*, Atty. Gen., *Zelph S. Calder*, Deputy Atty. Gen., and *W. Stanley Dunford*, of Provo, for the State.

LARSON, Justice.

Defendant was tried in the District Court of Wasatch County for the larceny of a sheep. From a judgment of conviction he appeals. Two points are involved in this appeal: (1) Was there sufficient evidence of the larceny to

submit the case to the jury and to support the verdict? (2) Did the trial court err in denying defendant's motion for a new trial supported by the affidavits of the eight jurors who tried the case to the effect that the verdict of guilty with a recommendation of leniency was a compromise verdict?

(1) Defendant's guilt of larceny of the sheep was under the evidence properly submitted for the determination of the jury. *Barnes* v. *Commonwealth*, 235 Ky. 634, 32 S. W. 2d 16; *State* v. *Mellor*, 73 Utah 104, 272 P. 635. The evidence elicited by the state was to the effect that Levanger, one of the owners of the sheep, and Ballard, his assistant, had just driven the herd off the main highway and down a lane to a certain field. After putting the sheep in the field they chained and wired the gate and walked down the lane toward the highway to await the arrival of Levanger's brother who was coming for them in a car. It was after sundown and was apparently rather dark. Appellant and three other persons drove up in a car and stopped near the field in which the sheep had been placed. Levanger and Ballard began walking down the lane towards the herd of sheep, curious as to what the occupants of the car wanted. Three persons were seen dragging a lamb apiece through the gateway and into the lane. Upon seeing Levanger and Ballard they turned the sheep loose and started to run. Ballard caught the appellant but his two companions got into the car and left the vicinity of the alleged crime. Levanger and Ballard then put two of the sheep back into the field, and the third one was returned to the herd the next morning. Appellant was taken before the marshal and made a statement to the effect that this was his "first offense." The jury believed this evidence in preference to the theory presented by the appellant and his witnesses. Appellant testified he fled because he was afraid of Levanger's dog. One of his companions fled because he had some liquor and was afraid of the police. The third

states he fled because he was out with a married woman and was afraid of her husband.

By statute the stealing of sheep is grand larceny. There is sufficient evidence of the various elements of the crime to support the verdict of guilty. Appellant claims that there is insufficient evidence of the asportation of the property. The law is settled that even a slight asportation of the property of another will supply this element of the offense. In *Marshall* v. *State*, 108 Tex. Cr. R. 561, 2 S. W. 2d 233, the removal of radio sets from the front to the rear of a garage was held to be sufficient asportation. See also, *Driggers* v. *State*, 96 Fla. 232, 118 So. 20; *Warnke* v. *State*, 89 Ind. App. 683, 167 N. E. 138. Where there is some competent evidence that fairly tends to establish every material allegation of the indictment, it is the court's duty to submit the case to the jury. *State* v. *Eppers*, 138 Or. 340, 3 P. 2d 989, 6 P. 2d 1086. In *State* v. *Maloney*, 85 Mont. 138, 277 P. 961, it was held that there was substantial evidence to sustain the jury's verdict of guilty. The expressions of the Montana Supreme Court are applicable to the present case so we quote from the opinion the following:

> "Evidently the jury did not believe defendant's explanations, nor accord to the evidence introduced in his behalf much weight. With this exercise of the jury's discretion we cannot interfere.
>
> "On the cold record the evidence against the defendant does not appear very strong, but upon a careful analysis of it we cannot say it was not sufficient to justify the jury in concluding beyond a reasonable doubt that the defendant is guilty as charged."

The jury had the advantage of seeing the witnesses and hearing them testify. It was in a position to determine the credibility of the various witnesses and weigh the evidence. Since there was substantial evidence of appellant's commission of the crime alleged to support the jury's verdict of guilty, the trial court did not err in submitting the case to the jury nor in denying appellant's motion for a new trial on that ground.

■

(2) The court properly denied the motion for a new trial based on the claim that the verdict was "a compromise verdict." The verdict reads as follows:

"We the jury duly empanelled and sworn in the above entitled cause do find the defendant guilty of Grand Larceny, as charged in the Information.

"We the jury ask for leniency of the Court."

An affidavit was filed by each of the eight jurors to the effect:

That the said jury did not agree upon a verdict of guilty until it was finally agreed that they should recommend leniency. And that he [affiant] believing that when leniency was recommended by all the jurors in the said action in their verdict, that only a fine would be imposed by the Court and that no prison sentence would be given the defendant to serve. Believing that leniency would be shown by the Court to that extent influenced me in my decision in the case.

"That he would not have voted for a verdict of Guilty in the said case if he had believed that a state prison sentence would have been required to have been served by the said defendant."

It is the settled law in this jurisdiction that jurors cannot impeach their verdict except in the instances expressly made exceptions by legislative enactment. *People* v. *Flynn,* 7 Utah 378, 26 P. 1114; *People* v. *Ritchie,* 12 Utah 180, 42 P. 209; *State* v. *Rosenberg,* 84 Utah 402, 35 P. 2d 1004. Section 105-39-3, R. S. Utah 1933, Subdivision (4) provides that when a verdict has been determined by lot or by any means other than a fair expression of opinion on the part of all the jurors the court may grant a new trial. The verdict in this case is termed by counsel for appellant a "compromise verdict." This is not a "chance verdict" nor is it a ground for a new trial. The verdict was the result of a fair determination as to the defendant's guilt on the part of all the jurors. There was no misconduct on the court's part shown in reference to the recommendation of

leniency, and the recommendation itself will be regarded as of no legal effect. It is a mere recommendation and is not binding upon the court nor does it qualify the determination that appellant was guilty. In *State* v. *Cotton*, 134 Kan. 1, 4 P. 2d 367, the court held that a verdict of guilty of the felony of stealing a steer including a recommendation of a parole of the defendant could be properly received by the trial court. The recommendation did not qualify the verdict's legal effect in any manner, and the court was free to disregard or reject it as surplusage. The jurors came to the conclusion that appellant was guilty of the commission of the crime of grand larceny of a sheep and such conclusion was conveyed to the court by the verdict. The affidavits of the jurors filed by counsel to impeach this verdict did not claim that it was arrived at by lot nor that any juror was prevented from expressing his opinion as to defendant's guilt. In fact the affidavits affirmatively show that each juror was satisfied as to the defendant's guilt and the only point on which they differed was as to the penalty to be imposed. Some jurors thought a fine should be imposed whereas others believed a prison sentence to be the fair punishment for defendant's act. They agreed on defendant's guilt. The trial court properly denied the motion for a new trial based on the affidavits of the jurors.

Judgment affirmed.

MOFFAT, C. J., and WOLFE, McDONOUGH, and PRATT, JJ., concur.