CLAUD WOODS V. STATE.

No. 24311. May 11, 1949.
Appellant's Motion for Rehearing Denied (Without Written
Opinion) June 8, 1949.

458

*Marvin B. Simpson, Jr.,* and *Fred S. Dudley,* Fort Worth, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

GRAVES, Judge.

The conviction is for robbery by assault; the punishment assessed is confinement in the state penitentiary for five years.

J. E. Dominy was a salesman for a wholesale house out of the city of Fort Worth, and as such salesman he traveled over the adjoining counties, selling goods and collecting therefor. On June 23, 1947, while traveling through Johnson County, he was hailed by two young men. He stopped and took them into his car. After some conversation, these two young men each produced a pistol and pointing same at him, told him "not to do anything funny" but to do what they told him or they would kill him. They directed him to drive in a certain manner and down particular roads from the highway. When they had come near a wooded area, they ordered him out of the car, searched him, and took from his pocket his billfold which contained $2,512.00 in checks, his courtesy card and his personal papers. They took him into the woods and bound his body with a rope which had been concealed within the shirt of appellant, binding Dominy's hands, feet and body to a tree. They gagged him with the rope through his mouth and told him to keep quiet. They then drove off in his car. He soon worked himself loose and finally reached a nearby home, where he gave the alarm. The sheriff of Johnson County found Mr. Dominy's car the following day, it evidently having been abandoned, and in it he found the billfold and checks intact. That day appellant was arrested for this offense. Mr. Dominy finally lost no property, but he "lost quite a bit of peace of mind in this happening", and testified, "I was very muchly scared when these men had these pistols on me."

Joseph Jackson, the other man present in this ride and alleged offense, testified for the state, giving a delineation of the preparation for a hold up and the agreement relative thereto to obtain a car and some money. He corroborated Mr. Dominy relative to the use of the pistols, the taking of the billfold from his pocket, the tying up of Dominy and leaving him trussed up to the tree and their driving away in the car, their trip to near Glen Rose, to Cresson, to Godley, and to leaving the car near Nolan River and walking back to Cleburne; also to the taking of the billfold with some checks, sample cases from Dominy, etc. Both of their guns were loaded at all times during this occurrence. They left the checks and the billfold in the car. From the testimony of the witness, we quote:

"I believe Dominy said something to us to the effect that we couldn't cash those checks. I knew we couldn't cash the checks. There wasn't any money in the billfold. There were some personal papers in there, besides the checks. We didn't take anything out of the billfold. The billfold was left in the car just like it was when we picked it up over here. We also left the car."

It appears from Bill of Exceptions No. 1 that appellant had been previously tried upon an indictment relating to this particular occurrence; that the district attorney had executed an instrtument waiving the death penalty therein, electing to try appellant for robbery by assault. It further appears from the bill that the district judge allowed such waiver, but made no entry thereof in his minutes; that this cause proceeded to trial and appellant was convicted of robbery with firearms, as is shown by our opinion in our cause No. 23,968 (152 Texas Crim. Rep. 131). That cause was affirmed as is shown by our different opinions, the motion for rehearing being overruled on May 12, 1948. Again, on December 15, 1948, in another case (our No. 24,197) which seemingly involved the same transaction, his appeal to this court was dismissed upon appellant's request. In the meantime, this appellant sued out a writ of habeas corpus before a federal district judge and upon a hearing thereof, such district judge held that the judgment in the state district court bore evidence that appellant's rights under the Fourteenth Amendment to the Federal Constitution had been violated in that he had been denied the right of counsel at such trial, and that such trial and the judgment thereunder were void and held for naught, and relator therein was remanded to the sheriff of Johnson County to again answer to the indictment under which he had theretofore been tried. It then appears that subsequently a new indictment was found alleging the same facts, time and place, and this proceeding is based upon such latter indictment.

Upon this instant trial appellant claimed that he was entitled to plead former jeopardy in this present matter because of the fact that he had been previously tried thereon in this same district court and convicted therein, and that such conviction had been upheld by this appellate court and therefore he could not be tried again for the same offense. We are not impressed with such contention. This matter stands in the same position as if this appellate court had reversed this cause in the first instance, whereupon the cause would again stand for a retrial thereof as though the same had never been tried. The trial court was correct in overruling such plea. The state had a right to try appellant on the old indictment, or upon a new indictment, if it saw fit. The former judgment of conviction had been held by the federal judge to be void and in violation of appellant's constitutional rights to due process of law at the special instance and request of appellant, from which order the state prosecuted no appeal.

There is but one further bill of exception found in the record and that relates to the sufficiency of the evidence to show an intent to permanently appropriate Mr. Dominy's billfold, and it is contended that the testimony falls short of showing such permanent appropriation. Evidently such a claim is based upon the fact that when Mr. Dominy's car was found by the sheriff, it contained his billfold lying on the seat thereof and enclosing the check. This cannot be called a voluntary return thereof but merely an abandonment of the billfold and checks.

Robbery and theft are of the same family; violence or threat of violence to obtain property being about the only difference. See Bryant v. State, 122 Tex. Cr. R. 385, 55 S. W. (2d) 1037; Reese v. State, 91 Tex. Cr. R. 457, 239 S. W. 619.

In the Bryant case, supra, the accused had been handed a sack containing the money by the injured person's left hand and had taken same in his right hand, when the injured person struck accused with his fist and knocked him down, and the money was recovered. These facts showed a completed offense of robbery although accused had but a temporary possession of the money obtained by his assault and the exhibition of a firearm.

In the present instance, not only did appellant take this billfold into his possession, but he kept it for several hours while driving the stolen car and finally abandoned it about midnight. Evidently, while possessed of this large amount of checks, he remembered what Dominy had told him about not being able to cash them, and especially so at nighttime. He then decided to

leave both the car and the checks and return to his home town where he was soon arrested.

In Aughton v. State, 149 Tex. Cr. R. 504, 196 S. W. (2d) 642, we said:

"Robbery is but an aggravated species of theft. It was not necessary to show that he carried the property away in order to complete the offense. If he reduced the property to his possession, although he later abandoned it, the offense would nevertheless be complete. See Article 1412, P. C. The offense of robbery is complete when property is taken into possession as the result of an assault and with the intent to appropriate.

"In the case of Brown v. State, 61 Tex. Cr. R. 334, 136 S. W. 266, this court said: 'Whenever a party is held up, and put in fear of his life by having a gun presented at him * * * and the party with the gun takes charge of the property, the offense of robbery is complete.' "

It is not necessary that the property be removed from the premises of the owner. See Marshall v. State, 108 Tex. Cr. R. 561, 2 S. W. (2d) 233.

We express the opinion that the facts in the present case are sufficient to show the guilt of the appellant.

It is further contended that the offense here shown is theft from the person and not from the possession of the owner and therefore the charge of robbery is not shown. Article 1438, P. C., provides that to constitute the offense of theft from the person, the theft must be committed without the knowledge of the person, or so suddenly as not to allow time to make resistance before the property is carried away; but where force is used, the trial court should charge on robbery and not on theft from the person. See Gallagher v. State, 34 Tex. Cr. R. 306, 30 S. W. 557; Jarrott v. State, 96 Tex. Cr. R. 239, 257 S. W. 256.

From the case of Gallagher v. State, supra, we quote as follows:

"Error is also urged because the court charged the law applicable to robbery, and because the evidence only showed a case of theft from the person. There is nothing in this contention. While it is true the property was taken from the person, yet it was taken by force and violence. This constitutes the offense of robbery under the statute. The statutory offense of

theft from the person is not thus constituted. In this latter case the property must be taken from the person without his knowledge, or so suddenly as not to allow time to make resistance, and this must be done by privately stealing the property. Penal Code, arts. 744, 745. If force or violence is used, or the assaulted party is put in fear of life or bodily injury, and the property is thus taken, it is robbery. Penal Code, art. 722."

The difference between theft from the person 'and robbery is that in theft, the property must be taken without the injured person's knowledge, or so suddenly as not to allow time to make resistance, while in robbery, there must be actual or threatened violence to the person preceding the taking. See Van Arsdale v. State, 149 Tex. Cr. R. 639, 198 S. W. (2d) 270.

We express the opinion that this case has been properly tried, and the judgment is accordingly affirmed.