Grover William MATTHEW, Appellant,

v.

The STATE of Texas, Appellee.

No. 05-84-01197-CR.

Court of Appeals of Texas,
Dallas.

Oct. 10, 1985.

John H. Hagler, Dallas, for appellant.

Henry Wade, Criminal Dist. Atty., Elizabeth L. Phifer, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, WHITHAM, and HOWELL, JJ.

STEPHENS, Justice.

Grover W. Matthew appeals his conviction for aggravated sexual assault, in which the jury sentenced him to life imprisonment and a $10,000 fine. Matthew contends that the trial court committed reversible error by denying his motion for mistrial after his objection was sustained to the state's expert medical witness' testimony that there was no cure for a person such as defendant, and that the only way to deal with persons like the defendant was to keep them away from society. We conclude that such testimony was so prejudicial that it could not be cured by an instruction. Accordingly, the trial court's judgment is reversed and the cause remanded to the trial court.

Appellant was charged with sexually assaulting his nine-year old step-daughter. During the guilt-innocence stage of the trial, the State called Dr. Kragstad, a clinical psychologist, as a rebuttal witness. From a hypothetical question posed to him by the prosecutor concerning the previous activities of the defendant, the witness classified the defendant as a pedophile. The prosecutor then asked the witness if pedophiles could ever be cured of wanting a young child sexually. The court overruled defense counsel's objection and a part of the witness's answer was as follows:

> A. [Doctor]: In 99 percent of the cases, recidivism, or repeat offenses have happened, in all of those situations, with chemicals and with therapy, the only thing that has proven to work with the pedophile is to keep them away from society where it cannot happen again.

Defense counsel objected immediately after this statement as to its prejudicial character; the trial court sustained the objection; instructed the jury not to consider the testimony for any purpose; and denied defendant's motion for a mistrial.

The trial court was correct in sustaining defense counsel's objection as such testimony was inflammatory, prejudicial, and harmful and had little or no relevance to any issue in the case. *Stanley v. State*, 606 S.W.2d 918, 919–20 (Tex.Crim.App. 1980). *Reimer v. State*, 657 S.W.2d 894, 896 (Tex.App.—Corpus Christi 1983, no writ). We recognize that, generally, preju-

dicial statements in evidence may be cured by an instruction as was given in this case. However, there are exceptions to this general rule. *Kelley v. State,* 677 S.W.2d 34, 36 (Tex.Crim.App.1984) In determining whether an exception exists, the facts of the particular case must be considered. *Williams v. State,* 643 S.W.2d 136, 138 (Tex.Crim.App.1983).

■ In determining whether or not the error was harmless, we look to the United States Supreme Court's language in *Chapman v. California,* 386 U.S. 18, 21–24, 87 S.Ct. 824, 826–28, 17 L.Ed.2d 705 (1967). In *Chapman* the test for harmless error was stated as "whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." The Court of Criminal Appeals has held that this test includes the assessment of punishment as well. *See Williams,* 643 S.W.2d at 138; *Clemons v. State,* 605 S.W.2d 567, 571 (Tex.Crim. App.1980). In light of the punishment assessed, we hold that the erroneous testimony could have contributed to the punishment assessed. Therefore, the instruction did not cure the error nor was it harmless.

■ In light of our remand of this case, we deem it necessary to address another of appellant's complaints. During trial extraneous offenses were offered for the limited purpose of showing appellant's intent in the case in chief. During final arguments, over objection, the prosecutor argued that the commission of a similar act at any time within the last five years proves the State's case. This was a misstatement of the law; was contrary to the court's charge; and was reversible error. *Burke v. State,* 652 S.W.2d 788, 790 (Tex.Crim.App.1983); *Cook v. State,* 540 S.W.2d 708, 710 (Tex.Crim. App.1976); *Jarrott v. State,* 96 Tex.Cr.R. 239, 257 S.W. 256, 257 (1924).

Both of appellant's complaints addressed in this opinion constituted reversible error. The judgment of the trial court is reversed, and the cause is remanded.