GENZBERGER, Respondent, *v.* ADAMS, Executrix, Appellant.

(No. 4,652.)

(Submitted February 3, 1922. Decided March 6, 1922.)

[205 Pac. 658.]

*Judgments—Assignability—Banks and Banking—Authority to Transfer—Evidence—Corporate Seal—Actions—Real Party in Interest—Appeal and Error—Motion to Strike Evidence.*

Banks and Banking—Judgments Assignable.
1. A judgment is assignable, and a banking corporation may transfer one owned by it just as it may sell bonds or other securities of which it has become the owner in the ordinary course of business.

Same—Authority to Make Assignment of Judgment—Corporate Seal—Evidence—Sufficiency.
2. Where a bank is doing business though in charge of the state examiner, his approval of an assignment of a judgment executed in its behalf by its vice-president under the corporate seal was sufficient to show authority in the bank to make it.

Appeal and Error—Trial—Admission of Evidence Without Objection—Motion to Strike Too Late.
3. The principle of the rule that where a party on the trial of a cause sits by and permits evidence to be introduced without objection he may not thereafter assert that the court erred in refusing to strike it out, applies where, though objection was made, the motion to strike was based on grounds other than those urged to the admissibility of the evidence in the first instance.

Banks and Banking—Assignment of Judgment—Corporate Seal—*Prima Facie* Evidence of Authority of Officer.
4. The seal of a bank attached to an assignment of a judgment executed in its behalf by its vice-president was *prima facie* evidence that he was duly authorized to make the assignment and that its execution was the act of the corporation.

[62 Mont. 430.]

Judgments—*Prima Facie* Ownership—Evidence.
   5.  The testimony of plaintiff in an action on a judgment that he bought it from its owner for a certain sum was sufficient to show *prima facie* ownership of it in him.

Same—Transfer Need not be in Writing.
   6.  The transfer of a judgment need not be in writing; hence even though it may have been error to admit a written assignment, the error was harmless, plaintiff having made no effort to show that a transfer had not been made.

Same—Action—Real Party in Interest—Evidence—Inadmissibility.
   7.  Plaintiff, vested with the legal title to the judgment on which he sought to recover, was the real party in interest within the meaning of section 9067, Revised Codes of 1921, and evidence that he had bought it for the benefit of another was properly excluded.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

ACTION by Sol. Genzberger against Ethelyn C. Adams, as executrix of the estate of J. C. Adams, deceased. From an order denying defendant's motion for a new trial after granting plaintiff's motion for a directed verdict, defendant appeals. Affirmed.

*Messrs. Wheeler & Baldwin,* for Appellant, submitted a brief; *Mr. Jas. H. Baldwin* argued the cause orally.

*Mr. Earle N. Genzberger,* for Respondent, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought on April 11, 1914, to recover of the defendant the amount of a judgment. The allegations of the complaint, in brief, are the following: On April 10, 1907, a judgment was duly given and made by the district court of Silver Bow county in favor of plaintiff in an action entitled "State Savings Bank v. J. C. Adams and H. L. Frank," for the sum of $2,739.92. On January 9, 1908, the State Savings Bank, the plaintiff in that action, assigned the judgment to the plaintiff in this action, who is now the owner and holder of it; no part of it having been paid. On October 17, 1913,

Adams died in Silver Bow county, leaving a will in which the defendant was named as executrix. On November 22, 1913, the will was admitted to probate by the district court of that county. On the same date letters testamentary were issued to the defendant, whereupon she duly qualified and entered upon the discharge of her duties and ever since that time has been engaged in the performance thereof. On November 29 the executrix caused a notice to the creditors of the deceased to be published in the "Butte Daily Post," this being the newspaper designated by the order of the court, requiring all persons having claims against the estate to exhibit them to her with the necessary vouchers, at Room 616, Hennessy Building, at Butte, Montana, the place designated by her for the transaction of business of the estate, within ten months. On December 26, within the time specified in the notice, plaintiff presented his claim for $4,207.30, the amount of the judgment including interest. The claim was in writing, verified by the oath of the plaintiff as required by law. It was rejected by the defendant on January 13, 1914.

The defendant in her answer admitted all of the allegations of the complaint, except that she denied that the State Savings Bank did on January 9, 1908, or at all, assign the judgment to the plaintiff, or that plaintiff is now or ever was the owner or holder of it. Trial of these issues was had to a jury. At the close of plaintiff's evidence the defendant moved for a nonsuit, which was denied. At the close of all the evidence she moved for a directed verdict. The motion was denied. Thereupon the plaintiff moved for a directed verdict for the amount claimed, together with the costs of the action. This motion was granted. The defendant has appealed from an order denying her motion for a new trial. She contends that she is entitled to a reversal of the order on the ground that the court erred to her prejudice in its rulings on questions of evidence and in directing a verdict for the plaintiff.

To establish his title to the judgment, plaintiff offered in [1, 2] evidence a written assignment of it to him by the

bank, executed on its behalf, on January 9, 1908, by E. P.
Chapin, its vice-president, attested by its corporate seal, and
acknowledged before Allen P. Bowie, a notary public of Silver
Bow county. It was indorsed, "Approved," by T. E. Collins,
as state examiner, who was then in charge of the bank under
the provisions of section 4004, Revised Codes of 1907. Plain-
tiff objected to the introduction of it on the ground that it was
incompetent in that the bank had no authority to make it.
The court overruled the objection, stating that it would be ad-
mitted subject to a motion later to strike it out. The plaintiff
then, called in his own behalf, testified that no part of the judg-
ment had been paid. He stated further that he had bought it
from the bank. On cross-examination he stated that Collins,
the state examiner, was in charge of the bank, but that its
doors were open for business. Continuing, he said that the
consideration paid by him to the bank for the judgment was
$3,014.20 in money. He thereupon rested. Defendant then
moved to strike out the assignment on the ground embodied in
the objection to its admission, and also on the grounds that
it had not been shown that it had been made by an officer
of the bank, nor that either Chapin or Collins ever made it.
This motion was denied. It is insisted that both rulings were
erroneous for the reason that there was no evidence showing
that Chapin was in fact the vice-president of the bank nor
that he had authority to act for it.

The argument proceeds upon the theory that, the authority
of an officer of a bank to act in its behalf being governed
by the general rules of agency, it was error to admit the as-
signment until it had been shown that Chapin was in fact
the vice-president of the bank and that he was acting within
the scope of his authority as such. There is no merit in
this contention. The objection made to the admission of the
evidence presented only the question of the authority of the
bank to make the assignment. In the form in which it was
made, it assumed—at least it did not challenge—the genuine-
ness of Chapin's signature, and that he was acting within the

scope of his authority. There can be no question that a judgment is assignable. (*Haupt* v. *Burton,* 21 Mont. 572, 69 Am. St. Rep. 698, 55 Pac. 110; *Merchants' Nat. Bank* v. *Great Falls Opera House Co.,* 23 Mont. 33, 75 Am. St. Rep. 499, 45 L. R. A. 285, 57 Pac. 445; Rev. Codes 1921, sec. 6837.)

It requires no citation of authority to sustain the proposition that it is one of the incidental powers of a banking corporation to sell and transfer a judgment owned by it, just as it may sell bonds or other securities of which it has become the owner in the ordinary course of business. While the bank had been taken in charge by Collins, as state examiner, it was nevertheless still doing business under his authority. His approval of the assignment obviated the objection to its admission on the ground that the bank was without authority to make it, and, it having been properly admitted in the first place, it was within the discretion of the court to refuse to strike it out on other grounds thereafter urged as to its incompetency. When a party sits by at a trial and allows evidence to be introduced without objection, he cannot thereafter assert that the court was in error in refusing to strike it out. (*Yoder* v. *Reynolds,* 28 Mont. 183, 72 Pac. 417; *Poindexter & Orr Livestock Co.* v. *Oregon Short Line Ry. Co.,* 33 Mont. 338, 83 Pac. 886; *Bean* v. *Missoula Lumber Co.,* 40 Mont. 31, 104 Pac. 869; *State* v. *Rhys,* 40 Mont. 131, 105 Pac. 494; *State* v. *Van,* 44 Mont. 374, 120 Pac. 479.) The rule announced in these cases applies here. The permission of the court, given at the time the ruling was made that the evidence was admissible, to later move to strike it out, did not warrant the assumption by counsel that they were at liberty to include other grounds of objection when they came to make the motion. Furthermore, the objection having impliedly assumed the genuineness of the signature of Chapin, the vice-president, the seal of the bank was *prima facie* evidence that he was duly authorized to make the assignment and that the execution of it was the act of the corporation. (10 Cyc. 944; *Bullen* v. *Milwaukee Trading Co.,* 109 Wis. 41, 85 N. W. 115;

*McCracken* v. *City of San Francisco,* 16 Cal. 639; *Levering* v. *Mayor etc. of Memphis,* 7 Humph. 553; *President etc. of B. & D. T. Road* v. *Myers,* 6 Serg. & R. 12, 9 Am. Dec. 402; *Burrill* v. *Nahant Bank,* 2 Met. (Mass.) 163, 35 Am. Dec. 395; Angell & Ames on Corporations, 224.)

Again, the plaintiff testified that he had bought the judg- [5] ment from the bank for the sum of $3,014.20. Conceding, for the sake of argument, that the written assignment was not competent on any one or all of the grounds alleged by the defendant, this testimony was sufficient to show *prima facie* ownership of the judgment in the plaintiff. Section 6837, Revised Codes of 1921, *supra,* declares: "Property of any kind may be transferred except as otherwise provided by this chapter."

We find no exception in the Chapter (secs. 6835–6858, Rev. Codes 1921) relating to the transfer of judgments. Section 6841 provides further: "A transfer may be made without writing in every case in which a writing is not expressly required by statute." There is no provision in the Code requir- [6] ing such a transfer to be in writing. Therefore, though it was error to admit the written assignment, the defendant was not prejudiced; she having made no effort to controvert by her evidence that the transfer had been in fact made.

Counsel have presented an extended argument in their brief in an effort to maintain the proposition that the certificate of acknowledgment of the assignment was invalid for the reason that it was made by Chapin, the vice-president, instead of the president, of the bank, as required by sections 4659 and 4664 of the Revised Codes of 1907 in force at the time it was made. The conclusion announced above renders it unnecessary to consider this contention. We therefore pass it without further notice.

Contention is made that the court erred in sustaining plain- [7] tiff's objection to evidence offered by the defendant, the purpose of which was to show that the plaintiff had bought the judgment for the benefit of the Frank estate (Frank being

now dead) and not for himself. There was no error in the ruling because it pertained to an issue not presented by defendant's answer. The argument is made in this court, however, that it was prejudicial because it tended to show that the plaintiff is not the real party in interest, and therefore that he could not maintain this action. It having been made apparent that plaintiff was vested with the legal title, he was the real party in interest within the meaning of the statute and could maintain the action. (Rev. Codes, 1921, sec. 9067; *Merchants' National Bank* v. *Great Falls Opera House Co., supra;* 20 R. C. L.; p. 666.)

There was no substantial conflict in the evidence. It will accomplish no useful purpose to enter into an analysis and discussion of it. Defendant's motions for nonsuit and for a directed verdict were therefore properly overruled, and the action of the court in directing a verdict for the plaintiff was proper. Other assignments urged upon our attention are not of sufficient merit to require special notice.

The order is affirmed.

*Affirmed.*

Associate Justices Cooper, Holloway and Galen concur.

Mr. Justice Reynolds, being absent, takes no part in the foregoing decision.