LABBITT, APPELLANT, *v.* BUNSTON, RESPONDENT.

(No. 6,443.)

(Submitted April 3, 1929. Decided May 3, 1929.)

[277 Pac. 620.]

598

 

*Mr. Franklin D. Tanner*, for Appellant, submitted a brief, and argued the cause orally.

*Messrs. Guinn & Maddox*, for Respondent, submitted a brief; *Mr. C. C. Guinn* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The plaintiff is a physician and surgeon and defendant is an attorney at law. For a number of years plaintiff was defendant's family physician and defendant rendered legal services to plaintiff. During these years, it would seem, their relations were friendly, but they fell out and litigation resulted—as the files in this court attest. In this action plaintiff sued defendant for $278.50 as a balance for professional services. Defendant denied owing plaintiff any amount, pleaded payment and interposed counterclaims for legal services amounting in the aggregate to $700. Each pleaded that the other's claims were barred by the statute of limitations. The case was tried before the court sitting without a jury.

At the outset of the trial defendant admitted that plaintiff had rendered services, and the reasonable value thereof, as set forth in the complaint. Plaintiff then testified the balance due had not been paid, and rested. Defendant offered evidence in support of his counterclaims; the evidence was received over the objection that none of the counterclaims states a cause of action. Defendant then testified that plaintiff did not send him a bill for professional services after April or May, 1924, until the day after the suit on the bond (*Bunston* v. *Labbitt*, No. 6442, ante, p. 585, 277 Pac. 419 in this court) was filed; that in April or May, 1924, he received through the mail

a statement from plaintiff, and on the way from the postoffice, meeting plaintiff, said to him: "Doc, I have got your statement that you sent me for services and your credits, and so forth, and I am a little bit surprised, because you owe me more money than I owe you." To which plaintiff said: "Well, how do you figure it?" And defendant replied: "Well, you owe me $300 in the Haverfield case." After talk respecting the case mentioned, defendant added: "There is also considerable money that you owe me in other cases," to which plaintiff said: "Well, what about it?" and defendant rejoined: "You figure that you are paying a little too much in the Haverfield case. I'll tell you what I will do with you; I'll just balance sheets with you for everything that I owe you up to that time." The foregoing went in without objection, but at this point counsel for plaintiff objected "to the testimony as tending to prove an account stated between the parties and ask that the testimony of the witness be stricken, so far as it relates to such account stated." The court observed, "that would not be an account stated," and counsel said: "Just add for the reason that it is not pleaded in the complaint." Court: "The objection is overruled."

The court was correct in saying that the testimony did not relate to an account stated, and did not err in overruling the ▮ objection. It may be that counsel did not say what he intended. But, anyhow, the objection came too late. The law is that one must object to improper testimony when it is offered or abide the result; failure to object at the proper time waives the error (*Yoder* v. *Reynolds*, 28 Mont. 183, 72 Pac. 417, and cases cited), and when a party sits by at a trial and allows evidence to be introduced without objection, he will not be permitted to assert that the court was in error in refusing to strike it out. (*Genzberger* v. *Adams*, 62 Mont. 430, 205 Pac. 658.)

In answer to the question, "Did you finish, Mr. Bunston?" defendant was permitted to testify without objection: "I don't think so. The Dr. studied over it a minute and he said, 'Well, I will do that. We'll just do that and call it square.'

At the time I had this conversation with Dr. Labbitt, my books certainly did show that Dr. Labbitt owed me more than Dr. Labbitt claimed I owed him, and I told him so and he admitted it.'' Whether this testimony was admissible under defendant's plea of payment we do not have to consider, in view of the fact that it went in without objection.

Plaintiff vigorously denied the foregoing testimony. The court seems to have disregarded the defendant's counterclaims altogether. In its judgment it found that the demands of each party against the other had been paid by way of offset by agreement prior to the commencement of the action, and that each party to the action take nothing; each to pay his own costs. The plaintiff moved for a new trial, which was denied. He then appealed from the judgment.

It is fair to say that there are inconsistencies in the testimony of each party when his testimony is compared with his acts. But this is peculiarly a case for solution by the trial court. It had the advantage of observing the witnesses as they testified.

Words merely appearing upon the printed page are far less communicable than when they are expressed with the tongue, as Professor Austin W. Scott said in a recent address: ''The speaker can put into his words something which the writer cannot put there. He may convey by the tone of his voice, by a look or a gesture, suggestions too subtle for expression on the written page.'' (*State* v. *Sawyer*, 71 Mont. 269, 229 Pac. 734.) This is the main basis for the rule that the appellate court will not disturb the decision of the trial court upon conflicting testimony. We cannot say upon the dead record that the trial court was wrong in its conclusions.

Finding no reversible error in the record, the judgment is affirmed.

Associate Justices Matthews, Galen, Ford and Angstman concur.

Rehearing denied May 31, 1929.