STATE, Respondent, *v.* MALONEY, Appellant.

(No. 6,486.)

(Submitted May 21, 1929.   Decided June 5, 1929.)

[277 Pac. 961.]

*Mr. Victor R. Griggs* and *Mr. Jess L. Angstman*, for Appellant, submitted a brief; *Mr. Griggs* argued the cause orally.

*Mr. L. A. Foot*, Attorney General, *Mr. S. R. Foot*, Assistant Attorney General, and *Messrs. Hurd, Hall & McCabe*, for the State, submitted a brief; *Mr. S. R. Foot*, argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The defendant appeals from a judgment convicting him of grand larceny upon the charge of stealing a horse.

The sole point upon which he relies for a reversal is that the ▆▆▆ evidence is insufficient to justify the verdict of the jury. Defendant did not move for a new trial; therefore the question is whether, as a matter of law, there is any substantial evidence to sustain the verdict. (*State* v. *Brantingham*, 66 Mont. 1, 212 Pac. 499; *State* v. *Welch*, 79 Mont. 614, 257 Pac. 1010; *State* v. *Smart*, 81 Mont. 145, 262 Pac. 158.)

A large number of horses, including the one alleged to have been stolen, were driven from their usual range a long distance to the shipping pens at Savoy, a railroad station, by defendant and others acting with him, one of whom was Stanley Brockway. The method of gathering and handling the horses, the distance they were driven, the route pursued, and the actions of the defendant throughout the transaction, were all considered by the jury. The jury undoubtedly understood

the relation of events to localities and the actions of the parties involved with relation to both. It had the advantage of seeing the witnesses and hearing them testify. Upon this feature of the case we need not repeat what was said recently in *Labbitt v. Bunston* (Cause No. 6443), 84 Mont. 597, 277 Pac. 620. (And see *State* v. *Sawyer*, 71 Mont. 269, 229 Pac. 734.)

Philip Buckley, stock inspector, testified that he talked with defendant after the latter's arrest. Defendant, in response to a question as to his recent whereabouts, said he had been in Minnesota; asked by Buckley why he left, "he said he felt kind of ashamed over this deal and wanted to get out of it the best way he could." Buckley said: "I asked him who was responsible for the theft of these horses and he said he guessed he and Stanley Brockway were. He did not like to see Stanley Brockway take any jolt on account of his wife and baby, or words to that effect. He would rather take it himself." On cross-examination Buckley at first qualified his testimony by saying he would not say whether he used the word "theft" in talking with defendant, but immediately said he believed he did use it, and followed up with, "I am absolutely positive."

Another witness, sheriff of Blaine county, testified that defendant said "after he had talked with his father and mother he would come clean."

Evidently the jury did not believe defendant's explanations, nor accord to the evidence introduced in his behalf much weight. With this exercise of the jury's discretion we cannot interfere.

On the cold record the evidence against the defendant does not appear very strong, but upon a careful analysis of it we cannot say it was not sufficient to justify the jury in concluding beyond a reasonable doubt that the defendant is guilty as charged.

No error appearing, the judgment is affirmed.

Associate Justices Matthews, Galen and Ford concur.

Mr. Justice Angstman, deeming himself disqualified, did not hear the argument and takes no part in the foregoing decision.