SAM STOKKE AND MILDRED STOKKE, HUSBAND AND WIFE, PLAINTIFFS AND RESPONDENTS, v. GEORGE A. GRAHAM AND CLARA E. GRAHAM, HUSBAND AND WIFE, DEFENDANTS AND APPELLANTS.

No. 9257.
Submitted November 9, 1954. Decided March 25, 1955.
Rehearing Denied April 18, 1955.
281 Pac. (2d) 1025.

Messrs. Wood, Cooke & Moulton, Mr. W. H. Bellingham, Mr. B. E. Longo, Billings, for appellants.

Messrs. Lamb & Galles, Mr. V. C. Anderson, Jr., Billings, for respondents.

Cause submitted on briefs for appellants.

Mr. Franklin A. Lamb argued orally for respondents.

MR. JUSTICE ANGSTMAN:

This is an appeal from an order made after final judgment.

The order appealed from denied a motion to vacate a sale of real estate made by the sheriff of Stillwater County to satisfy a judgment rendered in Yellowstone County and to annul the sheriff's deed covering the property sold.

Two legal questions are presented by the appeal. It is first contended that the judgment obtained by plaintiffs and which was the basis of the sheriff's sale was void on its face for want of jurisdiction.

The complaint in the action on which the judgment was entered contained nine causes of action. The fourth was dismissed before entry of judgment. The amount demanded in each of the eight remaining causes of action is as follows: First cause, $34.30; second, $31.94; third, $41.89; fifth, $406; sixth, $59.48; seventh, $7; eighth, $14, and ninth, $18.94.

One cause of action accrued originally to plaintiffs. The other causes accrued to another person who assigned the claim to plaintiffs for consideration before the commencement of the action. The contention is that since section 11 of Article VIII

of the Constitution and R. C. M. 1947, sec. 93-318, confer juris-diction on the district court in such cases only where the debt, claim or demand exceeds $50, the district court had no jurisdiction of the controversy so far as the six causes of action are concerned wherein the amount demanded was less thán $50.

While there is a conflict of authority on the subject, the better reasoned cases support the view that several causes of action, each for less than the jurisdictional minimum for the district court, may be prosecuted in the district court when their aggregate exceeds the jurisdictional minimum and where as here all the causes of action are due to plaintiff and are alleged to be owing by the same defendants and are properly joinable in the same action. 14 Am. Jur., Courts, sec. 217, page 415, n. 17; Bullard v. City of Cisco, 290 U. S. 179, 54 S. Ct. 177, 78 L. Ed. 254, 93 A. L. R. 141; Hammell v. Superior Court, 217 Cal. 5, 17 Pac. (2d) 101; Hartford Min. Co. v. Home Lumber & Coal Co., 61 Nev. 17, 107 Pac. (2d) 132, 114 Pac. (2d) 1093; Mosher v. Bellas, 33 Ariz. 147, 264 Pac. 468.

The applicable rule is stated in the annotation in 93 A. L. R., page 148, as follows: "The rule in both the Federal and state courts is that where claims, individually less than the required jurisdictional amount, are aggregated through a bona fide transfer or assignment, with the intention to convey to the plaintiff a full title, and these claims aggregate a sum equal to, or in excess of, the jurisdictional requirement as to amount, that requirement is satisfied and the court has jurisdiction."

This rule should apply here for the additional reason that two ██ of the causes of action involved amounts in excess of $50 and clearly the court had jurisdiction as to those two causes of action. Likewise in this state it is settled that claims may be assigned so as to vest the legal title in the assignee for the purpose of suit. Rae v. Cameron, 112 Mont. 159, 114 Pac. (2d) 1060.

The second point of law urged is that the writ of execution ██ and the sale made under it are void.

Specifically defendants contend that the writ is void because

it was directed to the sheriff of Yellowstone County whereas it was attempted to be executed by the sheriff of Stillwater County.

The record reveals that the sheriff of Stillwater County held the property in question under a valid writ of attachment. The property was sold on May 5, 1950, for the sum of $14,100, of which $737.42 was paid to plaintiffs and the excess or $13,338.58 was turned over to the defendants, who retained it without complaint of any kind until the motion here involved was filed on December 8, 1951.

Defendants place reliance upon the case of Merchants Credit Service, Inc., v. Chouteau County Bank, 112 Mont. 229, 114 Pac. (2d) 1074. In that case there was no writ of attachment and the question determinative of the case was whether the writ of execution directed to the sheriff of one county but sent to and served by the sheriff of another county created a lien upon property so levied upon. Here the writ of attachment created the lien which continued until the property was subjected to sale. Moreland v. Monarch Min. & Mill Co., 55 Mont. 419, 178 Pac. 175. No order of sale by the court is necessary to authorize the sheriff to sell attached property. 5 Cal. Jur. (2d), Attachment and Garnishment, sec. 42, pages 654, 655.

In Adrews v. Smithson, 114 Mont. 360, 136 Pac. (2d) 531, 533, the court had before it the question of the validity of a sheriff's sale under execution in a case where there had been an attachment of the property sold. The court in that case said:

"The plaintiffs lose sight of the fact that section 9417, Revised Codes [1935, now R. C. M. 1947, sec. 93-5802], gives no direction as to the disposition of property which has been attached. We think land that has been attached should be sold under the procedure mentioned in section 9276, Revised Codes [1935, now R. C. M. 1947, sec. 93-4323]. * * *

"Under the situation in the instant case the sheriff was not controlled wholly by the execution. He already held property by attachment, and, regardless of the language of the execution, it was his duty to proceed to satisfy the judgment out of the property attached before any other property could be taken."

In the instant case the sheriff of Stillwater County who held ▮ the property under a valid writ of attachment was obligated to sell the property to satisfy the judgment when the writ of execution was delivered to him for he then had received notice and information of the fact that the claim for which the attachment was issued had been reduced to judgment. Refusal to sell would have rendered him personally liable to the creditor. R. C. M. 1947, sec. 16-2709.

The writ of execution was sufficient to advise the sheriff of Stillwater County that the claim had been reduced to judgment and may be treated as surplusage in other respects.

Its irregularity did not affect the validity of the sale and the court properly denied the motion of defendants.

The order appealed from is affirmed.

MR. JUSTICE ANDERSON, concurs.

MR. CHIEF JUSTICE ADAIR: (specially concurring).

Section 11 of Article VIII of the Constitution of Montana, in part, provides: "Sec. 11. The district courts shall have original jurisdiction * * * *in all cases* in which the debt, damage, claim or demand, exclusive of interest, or the value of the property in controversy exceeds fifty dollars * * *."

The complaint on which the judgment herein was entered sets forth eight separately stated causes of action. The debt, claim and demand pleaded in two of the causes of action exclusive of interest exceeds $50, one being for $406 and the other for $59.48. Hence the complaint is valid, sufficient and discloses on its face a law suit and controversy over which the district court had original jurisdiction.

The pleadings sustain the judgment and the writ of execution issued therein and the sale held pursuant to the authority conferred by such writ were and are valid.

For the foregoing reasons I concur in the result reached in Mr. Justice Angstman's opinion but not in all that is said therein.

MR. JUSTICE BOTTOMLY: (specially concurring in result).

The first point raised: It is my belief that the majority opinion goes farther than is necessary in this case for the reason that two of the causes of action were each for more than $50, i.e., one for $59.48 and one for $406. All of the causes were assigned for value. Therefore the plaintiff had not only the legal but the equitable title thereto, as though he were the original owner thereof.

The defendants contend that section 11 of Article VIII of the Constitution confers jurisdiction on the district court in cases only when the debt, claim or demand exceeds $50, as does R. C. M. 1947, sec. 93-318. However, here the debt, claim and demand exceeds $50 and therefore the above cited constitutional and statutory prohibition does not apply. R. C. M. 1947, sections 93-2801 and 93-2802, apply here. See Rae v. Cameron, 112 Mont. 159, 114 Pac. (2d) 1060; Genzberger v. Adams, 62 Mont. 430, 205 Pac. 658. I concur in Mr. Justice Angstman's result but not in all that is said in his opinion.

Mr. Justice Davis not hearing oral arguments took no part in the decision.