No. 85-172

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

YOLANDA BLAKELY,

       Plaintiff and Respondent,

  -vs-

REIDER E. KELSTRUP and DELORES J.
KELSTRUP,

       Defendants and Appellants.

_____

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Joseph B. Gary, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Morrow, Sedivy & Bennett; Lyman H. Bennett, Bozeman,
Montana

    For Respondent:

        Wayne Jennings, Bozeman, Montana

_____

Submitted on briefs: Aug. 15, 1985

Decided: October 22, 1985

Filed: OCT 22 1985

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order and judgment of the District Court, Eighteenth Judicial District, Gallatin County, Montana. The case was bifurcated, the Honorable W. W. Lessley presiding at the bench trail and the Honorable Joseph B. Gary presiding at the hearing on damages. Following the bench trial the court found the plaintiff entitled to possession of two mobile homes and three acres of land, more or less, on which the homes were situated. At the subsequent hearing on damages the court awarded plaintiff treble damages of $4,500 pursuant to § 70-27-207, MCA, for reasonable rent of the trailer homes and land. The defendant appeals. We affirm.

Plaintiff, Yolanda Blakely, bought, developed, improved and then attempted to sell land. The land in question was leased to defendants, Reider and Dolores Kelstrup, rent-free for five years. During the lease period Blakely assigned her interest in the leased property to the Triple B Trust. The assignment was recorded. The Trust later reassigned the interest to her through a quitclaim deed, which was not recorded. At the end of the lease period Kelstrups refused to vacate the premises and Blakely filed a complaint against them under Montana's forceable entry and detainer statutes, Title 70, ch. 27, MCA. Kelstrups defended, alleging Blakely was not the proper party to bring the action because she was not the real party in interest, and the action should be dismissed.

Resolution of the case turns on the relationship between the recording statutes and which party is the real party in interest. Kelstrups claim Blakely is not the real party in interest because she did not record the reassignment

2

to her of the interest in the leased property and therefore does not have record title to the property. Kelstrups mistake record title with legal title. The two are not synonymous. A property owner can have valid legal title to property without recordation. The rule is an unrecorded deed affecting title to land is valid between the parties. "An unrecorded instrument is valid as between the parties and those who have notice thereof." Section 70-21-102, MCA. Recordation is a device to establish priority, but has nothing to do with conveying title. Lawler v. Gleason (Cal. 1955), 279 P.2d 70, 73. The purpose of recording instruments is to give notice to subsequent purchasers and encumbrancers. Unless it is the intention of the parties that recording the deed passes title it does not do so. The record does not disclose such intention.

Documents are recorded to alert those persons who might change their position in reliance on the condition of title, specifically subsequent purchasers and mortgagees. The Kelstrups are holdover tenants. Their only interest in the property was a rent-free five year lease. They do not fall within the scope and protection afforded by the recording statutes. Their legal position is not affected whether Blakely or the Triple B Trust holds title to the property. In any event, Blakely holds title because, though unrecorded, she holds a valid deed from Triple B Trust. If, however, the trust had conveyed a deed to yet another party who recorded it prior to Blakely's recording, that party's interest would be superior to Blakely's and Blakely would not be the real party in interest.

Kelstrups' argument that Blakely is not the proper party to bring the action due to the earlier assignment is without merit. The law in Montana for over eighty years has

3

been a plaintiff vested with legal title is the real party in interest. Genzberger v. Adams (1922), 62 Mont. 430, 436, 205 P. 658, 660. See also Rae v. Cameron (1941), 112 Mont. 159, 175, 114 P.2d 1060, 1067. Rule 17(a), M.R.Civ.P. provides, "every action shall be prosecuted in the name of the real party in interest. . . "

Requiring the real party in interest to bring an action protects a defendant from multiple suits. Allowing this judgment to stand will not subject the Kelstrups to multiple suits. Triple B Trust divested itself of any interest in the property and cannot now be heard to claim it was the injured party. To allow it to do so would negate the argument that Blakely is the real party in interest. Dismissing this action would be tantamount to arguing there is no real party in interest, clearly an absurdity. The Kelstrups are subject to the same liability regardless of who owns the property. They are not entitled to the same protection as a subsequent purchaser and certainly are not entitled to more protection. The proper party brought the action. The decision of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

4