No. 86-356

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

YELLOWSTONE BANK OF ABSAROKEE,
          Plaintiff and Respondent,
   -vs-

MICHAEL MERRITT MORSE,
          Defendant and Respondent,

BETTY JUNE KRATZ FLETCHER, Personal Repre-
sentative of the Hazel I. Kratz Estate,
          Defendant and Respondent,

WILLIAM RANDOLPH MORSE, STEVEN M. MORSE,
GREGORY G. MORSE, and DEBRA SUE MORSE,
          Defendants and Appellants.

_____

APPEAL FROM:  District Court of the Thirteenth Judicial District,
                In and for the County of Stillwater,
                The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Lynaugh, Fitzgerald, Hingle & Eiselein; William P.
          Fitzgerald, Billings, Montana

     For Respondent:

          Michael Merritt Morse, Billings, Montana
          Richard Heard, Columbus, Montana
          R.J. Carstensen, Billings, Montana

_____

                   Submitted on Briefs: Dec. 31, 1986

                      Decided: March 17, 1987

Filed:  MAR 17 1987

*Ethel M. Harrison*
_____
              Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

This appeal arises out of a summary judgment granted defendant/respondent, Michael Merrit Morse, by the District Court in the Thirteenth Judicial District in and for Stillwater County, Montana. We affirm.

Michael Morse is the surviving joint tenant with his maternal grandmother of a certificate of deposit (C.D.) with a face value of $10,000. The original C.D. was in the name of Buford L. Kratz, or Hazel I. Kratz, or Michael Merritt Morse. The Kratzes were Morse's maternal grandparents. On the deaths of the Kratzes in the late 1970's, their daughter, Morse's mother, became personal representative of their estates.

Morse's four siblings also are joint tenants with their grandparents of C.D.s in various amounts. With two exceptions, these C.D.s had not been distributed at the time this appeal was filed. An accounting filed in 1982 indicated that the C.D.s were being handled as though they were part of the probate estate. The accounting also revealed that in 1981 Michael Morse received a $5,000 C.D. he held jointly with his deceased grandparents. He had petitioned the court for partial distribution of certain C.D.s, which the court termed "assets of the estate." One each was distributed to Michael his brother Gregory, and one Olga Kraft. (The record does not indicate the relationship of Olga Kraft to any of the parties to this action.)

In September, 1982, Michael Morse executed a document transferring and assigning "all [his] right, title and interest in and to further distribution unto [his four siblings]." A copy of this assignment and transfer was sent to the Yellowstone Bank of Absarokee, Montana,

2

interpleader/plaintiff/respondent in this action. The Bank then filed an action in interpleader, claiming the transfer and assignment allegedly transferred all of Michael Morse's right in the assets of the Kratz estate. The Bank alleged it received numerous demands from Michael Morse to distribute to him the proceeds of the C.D. in controversy or to give him authority to pledge the C.D. as collateral for loans. The Bank also alleged that Michael's siblings had made demand on it to transfer the proceeds to them, contrary to the claim of Michael Morse. The Bank asked that defendants be restrained from prosecuting any legal action against it for the recovery of any sums due under the C.D.s and that defendants settle their rights between themselves. The Bank requested and was granted permission to deposit with the court the face amount of the C.D. plus accrued interest on its maturity date, August 21, 1985.

Two months later Michael Morse petitioned the court to release the funds to him, stating that he had at no time transferred or executed any document purporting to transfer the subject C.D. The court treated this motion as one for partial summary judgment, found as a matter of law that the assignment of September, 1982, did not assign any interest in the subject C.D. and granted Michael Morse's motion. Michael Morse's siblings appeal.

Summary judgment is proper under Rule 56(c), M.R.Civ.P., only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Cereck v. Albertson's Inc. (1981), 195 Mont. 409, 411, 637 P.2d 509, 510. The findings of the District Court will not be overturned unless they are clearly erroneous. Rule 52(a), M.R.Civ.P. We find the District Court did not err.

The only facts pertinent to this issue are whether the transfer and assignment worked to distribute the $10,000 C.D. held jointly by Michael and his grandmother to other heirs and devisees of the grandparents' estates. The assignment reads in pertinent part:

> Comes now MICHAEL M. MORSE, as heir and devisee of these estates, and hereby sells, transfers and assigns all right, title and interest in and to further distribution unto the following individuals: WM. RANDY MORSE, STEVEN M. MORSE, GREGORY G. MORSE and DEBRA SUE MORSE.
>
> It is specifically understood that the transfer effected herein should not extend to any sums already distributed to the assignor.
>
> . . .

When a contract is reduced to writing, the intention of the party is to be ascertained from the writing alone, if possible. Section 28-3-303, MCA. Section 70-1-513, MCA, provides that grants of property are to be interpreted according to the same principles as contracts. Thus, under § 28-3-401, MCA, the language of the transfer and assignment governs interpretation if the language is clear and unambiguous. Proctor v. Werk (Mont. 1986), 714 P.2d 171, 172, 43 St.Rep. 333, 334.

Appellants argue that the terms of the assignment are ambiguous and require extrinsic evidence that Michael Morse actually intended to assign his rights in the C.D. as well as his rights in assets of the estate, focussing on the phrase "further distribution." They argue the one previous release to Michael of a joint tenancy asset identical to the present interpleaded funds somehow renders uncertain the distribution language in the transfer.

4

On the record before this Court it is not clear why the C.D.s owned by the various Morse siblings in joint tenancy with their grandparents have been treated as assets of the estate. At the time Hazel Kratz died, Michael Morse became the sole owner of the C.D. held jointly by him and his grandmother. It is not an asset of the estate to which he is an heir and devisee. The District Court did not find an ambiguity in the transfer, nor do we. It appears the document is clear on its face that Michael was assigning his right, title and interest in the estate. The fact that the District Court earlier distributed some jointly held C.D.s is not relevant to interpretation of this assignment.

Finding no ambiguity, there is no material issue of fact and summary judgment properly lies. We affirm.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

5