988 F.2d 122
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Counter-Claim-Defendant-Appellee
v.
L.R. BRETZ, Defendant-Counter-Claimant-Plaintiff-Appellant.
 No. 91-35894.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1992.
Decided March 12, 1993.
 
 1
 Appeal from the United States District Court for the District of Montana, No. CV-84-00050-JFB; James F. Battin, District Judge, Presiding.
 
 
 2
 D.Mont. [APPEAL AFTER REMAND FROM 902 F.2D 41].
 
 
 3
 AFFIRMED.
 
 
 4
 Before D.W. NELSON and REINHARDT, Circuit Judges, and CALLISTER,** Senior District Judge.
 
 
 5
 MEMORANDUM**
 
 
 6
 L.R. Bretz appeals a district court grant of summary judgment in his action to foreclose on a mechanic's lien. We affirm.
 
 FACTS
 
 7
 The mechanic's lien now held by Bretz was filed in 1978. Soon afterwards, the Small Business Administration ("SBA") guaranteed a bank loan secured by a mortgage against the real property encumbered by the lien. The SBA subsequently became the successor in interest in the mortgage. In 1980, shortly before the two-year statute of limitations on the lien expired, the original parties to the lien executed a waiver that extended the statute of limitations for an additional three years. They did not record the waiver. The lienor subsequently assigned the lien to another individual, who then assigned the lien to Bretz. Neither assignment mentioned the waiver.[1]
 
 
 8
 In 1983, before the end of the three-year waiver agreed to by the original parties, Bretz filed suit to foreclose on his lien. The SBA raised a statute of limitations defense. Shortly afterwards, the SBA filed suit to foreclose on its mortgage. Bretz counter-claimed on the basis of his lien. The suits were consolidated in federal district court. The court ruled in favor of the SBA, but did not base its holding on the statute of limitations. Rather, it found that Bretz had failed to prove the existence of his lien.
 
 
 9
 Bretz appealed to this court, which, in an memorandum decision, remanded to the district court on the issue whether Bretz had proven the existence of the lien. United States v. L.R. Bretz, No. 87-4458 (9th Cir. Apr. 30, 1990). On remand, the district court determined that it could consider the statute of limitations issue without exceeding the scope of this court's mandate. It allowed the SBA to raise the statute of limitations issue once more, and granted summary judgment to the agency on that basis. Bretz appeals.
 
 DISCUSSION
 
 10
 I. Law of the Case.
 
 
 11
 Bretz contends that the district court rejected the SBA's statute of limitations defense at trial and was therefore precluded from considering it on remand. Under the law of the case doctrine, a court is generally precluded from reconsidering an issue that has already been decided by itself or by a higher court in the same case. Milgard Tempering, Inc. v. Selas Corp., 902 F.2d 703, 715 (9th Cir.1990). The issue must have been decided explicitly or by necessary implication in the previous disposition. Id. We review a court's decision to decline to apply the law of the case doctrine for abuse of discretion. Id.
 
 
 12
 The district court heard argument at the original trial regarding the SBA's statute of limitations defense but chose instead to base its holding on Bretz's failure to prove the existence of his lien. Bretz contends that since the statute of limitations is an absolute defense, the court's only reason for ruling on the proof issue was that it implicitly rejected the statute of limitations argument. He asserts that the court therefore abused its discretion in considering that argument on remand.
 
 
 13
 Although a court might typically rely upon a statute of limitations defect rather than a factual determination, the district court's holding did not necessarily imply a rejection of the SBA's statute of limitations defense.[2] A statute of limitations defense is a defense on the merits. It is not jurisdictional. Brault v. Smith, 209 Mont. 21, 28, 679 P.2d 236, 239 (1984); M.R.Civ.P. 41(b). Courts are free to choose among merits defenses and, if they wish, to rule on the basis of whichever is simpler to decide. Bretz suggests that the SBA should have urged the court to amend its judgment through a motion pursuant to Fed.R.Civ.P. 59(e), or that the SBA should have appealed its victory on the merits in order to seek clarification of the statute of limitations issue. Were we to hold in Bretz's favor on this issue, we would undermine the goal of judicial efficiency that the law of the case doctrine seeks to promote. Milgard Tempering, 902 F.2d at 715. The district court did not abuse its discretion.
 
 
 14
 II. Mandate on Remand.
 
 
 15
 Bretz next contends that the district court exceeded its mandate from our court when it considered the SBA's statute of limitations defense on remand. A mandate from an appellate court is controlling as to all matters within its compass, but leaves to the district court any issue not expressly or impliedly decided on appeal. Mirchandani v. United States, 836 F.2d 1223, 1225 (9th Cir.1988).
 
 
 16
 Our mandate in Bretz's first appeal corrected the district court's misperception of Montana law. At that time, we were not presented with any argument regarding the statute of limitations defense. We did not resolve that issue either explicitly or implicitly. Therefore, the district court's reconsideration of the statute of limitations defense did not exceed the scope of our mandate.
 
 
 17
 III. Waiver of Statute of Limitations.
 
 
 18
 Bretz's third argument is that the assignment he received implicitly included the original parties' waiver of the statute of limitations. Under Montana law, a mechanic's lien may be assigned. See Am. Fed. Savings and Loan Ass'n v. Buckland, 238 Mont. 364, 367, 777 P.2d 1289, 1291 (1989) (describing assignment of mechanic's lien); Marriage of Witbart, 216 Mont. 178, 180, 701 P.2d 339, 341 (1985) (describing assignment of assignment of mechanic's lien). It is not clear, however, whether Montana law permits the parties to a mechanic's lien to waive the statute of limitations governing the lien. There are no Montana cases on point, but, in most jurisdictions, when a statute provides the right to a mechanic's lien, the time limitation in the statute is an element of the foreclosure claim that must be met or else the lien is lost. This element of the claim cannot ordinarily be waived. See, e.g., 53 Am.Jur.2d. Mechanics' Liens § 347 (1970 & 1992 Supp.). Here, state law provides that "[a]ll actions under this part must be commenced within 2 years from the date of the filing of the lien." Mont.Code Ann. § 71-3-562 (1991). This language seems to limit the period in which a claim can be filed rather than restricting the duration of the lien.
 
 
 19
 We need not decide whether the original waiver was proper, however. Even if Montana law permits such a waiver, the waiver at issue here was not included by implication in Bretz's assignment. The assignment grants Bretz "all of our rights, claims and titles to certain recorded liens," which are precisely described (emphasis added). Such language is clear and unambiguous. We are therefore required to hold that it expresses the intent of the parties. Yellowstone Bank of Absarokee v. Morse, 226 Mont. 126, 128, 733 P.2d 1310, 1312 (1987); Mont.Code Ann. 28-3-401 (1991). Because the assignment conveys an interest only in recorded liens and because the waiver, an element of the lien at issue here, was not recorded, we hold that the parties did not intend to include the waiver in the assignment.[3]
 
 
 20
 Furthermore, the SBA would not be bound by the waiver even if we were to find that the waiver was part of Bretz's assignment. "Parties to a contract cannot thereby impose any liability on one who, under its terms, is a stranger to the contract, and, in any event, in order to bind a third person contractually, an expression of assent by such person is necessary." Gambles v. Perdue, 175 Mont. 112, 115, 572 P.2d 1241, 1243 (1977) (internal quotation omitted; citation omitted). Since the SBA was a stranger to the waiver, it was not bound by it. Further, because the waiver was not recorded, the SBA had no notice of it. Enforcement of the waiver would therefore be inequitable. See Blakely v. Kelstrup, 218 Mont. 304, 305, 708 P.2d 253, 254 (1985); Mont.Code Ann. §§ 70-21-201, 306 (1991).
 
 
 21
 IV. Propriety of the SBA's Defense.
 
 
 22
 Finally, Bretz argues that the SBA should have been barred from asserting its statute of limitations defense, because its predecessor in interest acquired its mortgage after Bretz's lien was filed and because the SBA has not been injured by the passage of time.
 
 
 23
 The purpose of a statute of limitations is to protect the settled expectations of the parties by shielding them from ancient disputes. Village of Bellwood v. Dwivedi, 895 F.2d 1521, 1527 (7th Cir.1990); NLRB v. Calif. School of Professional Psychology, 583 F.2d 1099, 1101 (9th Cir.1978). The fact that the SBA's mortgage may be junior to Bretz's mechanic's lien, and that the SBA acquired a mortgage on encumbered property, is irrelevant to the agency's right to be free of the burden of a stale claim. A statute of limitations defense does not require any showing of prejudice. We therefore conclude that even if the waiver was proper and was included in the assignment to Bretz, the SBA was not barred from asserting a statute of limitations defense.
 
 
 24
 AFFIRMED.
 
 
 
 *
 The Honorable Marion J. Callister, Senior United States District Judge for the District of Idaho, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The original lienor's assignment to Bretz's assignor provided that the original lienor transferred "all of my right and claim to that certain MECHANICS LIEN filed by me...." [Defd Ex. B]. The assignment from Bretz's assignor to Bretz provided that the assignor "now set[s] over, sell[s], assign[s] and transfer[s] to L. Raymond Bretz all of our rights, claims and titles to certain recorded liens described and identified as follows...." [Defd Ex. H]
 
 
 [2]
 On remand, the court stated that in deciding the earlier case on the basis of Bretz's proof, it had "simply relied upon an alternative ground for ruling in the [SBA's] favor." [CR 32 at 3.]
 
 
 [3]
 Moreover, Bretz's assignor testified at trial that he was unaware of the waiver at the time he assigned the lien to Bretz. [RT 82.] Therefore, he could not have intended to include it in the assignment