FILED

10/17/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0585

DA 22-0585

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 195N

TIMOTHY J. WHALEN,

      Plaintiff and Appellant,

and ELIZABETH BRIDGES,

      Plaintiff,

   v.

BEARTOOTH ELECTRIC CO-OP, INC.,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
In and For the County of Stillwater, Cause No. DV 11-87
Honorable Matthew J. Wald, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Timothy Joseph Whalen, Self-represented, Columbus, Montana

      For Appellee:

      Maxon R. Davis, Davis, Hatley, Haffeman, & Tighe, P.C., Great Falls,
Montana

Submitted on Briefs:  July 26, 2023

Decided:  October 17, 2023

Filed:

                       _____
                              Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Timothy Joseph Whalen (Whalen) appeals the September 13, 2022 Order of the Montana Twenty-Second Judicial District Court, Stillwater County, dismissing a property damage action against Beartooth Electric Co-op, Inc. (Beartooth), for failure to prosecute. The action was originally filed in August 2011, and arose out of the "Eagle Mountain Fire," which occurred in September 2009, just west of Columbus, Montana. The Complaint alleged the fire was caused by Beartooth's failure to properly maintain its electrical transmission lines, and had damaged Lot Fifteen of the Columbus Heights Subdivision (the property). Elizabeth A. Bridges (Bridges) had been the title owner of the property since 1983, when it was conveyed to her by Whalen. Whalen nevertheless continued to utilize the property, make improvements, and pay the associated taxes for the property. The Complaint named Whalen and Bridges as Plaintiffs, asserting that Bridges was "the legal owner" of the subject property, and that Whalen "held an equitable interest" in the subject property. The Complaint was signed by Whalen only, both for himself and as "POA for Elizabeth A. Bridges." Whalen is not a licensed attorney at law.

¶3     Beartooth was not served with the Complaint until almost two years later, in June 2013, and promptly filed its Answer.  It pled, inter alia, a defense that a proper claim for relief had not been stated for Whalen.  From the beginning, the action languished, and in the ensuing years, the District Court, pursuant to  Rule 9 of the Rules of Practice of the Twenty-Second Judicial District Court, issued five Notices to show cause why the action should not be dismissed because "[n]o proceedings have been taken in the [action] for a period" of one or more years.  In response to several of these Notices, Whalen explained to the Court that he was in the process of locating an attorney to represent himself and Bridges but had not yet been successful.  Throughout, Whalen filed responses and pleadings on his and Bridges' behalf, and continued to offer the same basis to do so that was stated in the Complaint, as likewise indicated in his response to the 2016 Rule 9 Notice to show cause issued by the District Court:

1.     That [Whalen] is the first named Plaintiff and has the Power of Attorney of Elizabeth Bridges for all matters connected with this proceeding and the property damaged by defendant which is in her legal name:

2.     Although the real property which is the subject of these proceedings is in the name of Elizabeth Bridges the equitable interest in same has always resided in [Whalen], since approximately 1982:

However, although named as a Plaintiff, Bridges never appeared in the proceeding, either *pro se* or through legal counsel, and her interest was represented only by Whalen.

¶4     In 2018, Whalen filed a motion for summary judgment on liability on behalf of Bridges and himself, premised upon rulings previously entered in other litigation involving Beartooth and the Eagle Mountain Fire. The District Court scheduled a hearing on the

motion on September 20, 2018, but at that time, did not receive argument on the motion, citing "preliminary issues in this case that need to be resolved" regarding the status of legal counsel "that should have been done long ago, but nevertheless this is where we are." The District Court, Hon. Blair Jones, presiding, explained that Whalen was seeking counsel and that Whalen wanted to let "that process play out," which was expected to be "between 30 and 60 days," according to attorneys who were then assessing the case. The parties agreed to this framework on the record. The District Court re-set a hearing for November 20, 2018, unless Whalen obtained counsel sooner, in which case the hearing would be moved up.

¶5      However, that hearing was not held in November 2018, or ever held, and the case again languished. In November 2020, the District Court issued another Rule 9 show cause Notice stating that no action had been taken in the case "for a period of 2 year(s)." In a response to this Notice, on his and Bridges' behalf, Whalen asked for a hearing and a ruling on the summary judgment motion, but explained that he had undergone surgery and that the "Covid-19 pandemic [was] restricting access to lawyers and the courts."

¶6      On March 30, 2022, the District Court, now Hon. Matthew Wald, presiding, entered an Order to Show Cause, noting "the extensive delay in this case with no progress being made towards its resolution, and multiple *Rule 9 Notices* having [been] issued to that effect, finds it necessary to set a hearing whereat Plaintiffs must show good cause as to why the civil action shall not be dismissed for failure to prosecute. Plaintiffs shall personally appear at hearing with their counsel, if one has been retained." Also set for hearing at the same

4

time was a related damage case filed by Whalen against Beartooth with a limited liability company, Ondessonk, LLC, named as co-plaintiff to Whalen, and a "bad faith" case Whalen had filed, also arising out of this dispute, against the law firm representing Beartooth, and Beartooth's insurance company. The complaint therein had not yet been served upon the named defendants, and that case is not germane to our determination here. At the hearing, held on April 28, 2022, the District Court laid out once more the procedural issues that had existed throughout the proceeding, now with the addition of the pending *Ondessonk*, *LLC* action:

> THE COURT: There was a hearing set for September of '18 on [the summary judgment] motion. And at that time Mr. Whalen was seeking counsel and that hearing was vacated on that summary judgment. And, again, I'm not making a decision or anything that anything was waived at all. But the minutes reflect that Mr. Whalen was reserving his motion because he thought he was going to get counsel.
>
> .   .   .
>
> THE COURT: . . . the concern the Court has is under Montana law whether you can act pro se with regard to Elizabeth Bridger (sic), with regard to Ondessonk, LLC, and the nature of the intertwined claims basically in those cases. I'm not going to decide that issue right now. But the summary judgment motion was filed by you pro se on behalf of all of the Plaintiffs. And so that could have an effect.
>    . . . I don't want to preclude a person that has the right to appear pro se on their own behalf to avail themselves of the Court. But on the other hand, I can't allow the practice of law without a law license for entities that -- or interests that aren't under Montana law allowed to be represented by pro se plaintiffs.

The District Court thus ordered the parties to submit briefing on these issues.

¶7      In his responsive briefing, Whalen pivoted to a theory he had not pled: that Bridges, despite being named as the title owner and the action pursued in her name as the real party

5

in interest over the course of 11 years, was not actually the real party in interest. Rather, because she held only "bare legal title" and had assigned all of her interest to Whalen, "even if Bridges had any justifiable interest in the property – her interests merged with Whalen's when she assigned her interest and gave Power of Attorney to Whalen." Whalen offered two documents Bridges had purportedly signed in 2010: one which assigned to Whalen any claims she had arising out of the fire damage, and another which purported to grant Whalen power of attorney to handle on her behalf any such claims. Beartooth opposed this position, citing *Rafes v. McMillan*, 2022 MT 13, ¶ 20, 407 Mont. 254, 502 P.3d 674 ("A pro se litigant cannot represent or appear on behalf of another person or entity.").

¶8      The District Court issued an Order on August 12, 2022, concluding that "(1) Bridges is an indispensable party, and that (2) Whalen cannot continue to attempt to pursue this case *pro se*, as he is not a licensed attorney. There is no other option other than that Plaintiffs must hire an attorney, and that attorney must enter his or her appearance in this case in the next thirty (30) days, or else the case will be dismissed for failure to prosecute." In response to this Order, Whalen filed an additional pleading, arguing the District Court's failure to rule on his pending summary judgment motion had hindered his ability to retain counsel, and asking for additional time to retain counsel because of a four-day delay in the mailing of the Order. On September 13, 2022, the District Court denied Whalen's requests for further relief and, noting that "no entry of appearance has been filed showing counsel

6

has been hired, nor has Plaintiff Bridges made any pro se appearance" by the deadline, concluded the case must be dismissed. Whalen appeals.

¶9      We review a District Court's Order of dismissal for failure to prosecute for an abuse of discretion. *McKenzie v. Scheeler*, 285 Mont. 500, 507, 949 P.2d 1168, 1172 (1997) (citing *Hobble-Diamond Cattle Co. v. Triangle Irrigation Co.*, 272 Mont. 37, 40, 899 P.2d 531, 53 (1995)). This Court considers four factors to determine whether a district court abused its discretion by dismissing an action for failure to prosecute a claim under Rule 41(b) of the Montana Rules of Civil Procedure: "1) plaintiff's diligence in prosecuting the claim; 2) prejudice to the defense caused by plaintiff's delay; 3) availability of alternate sanctions; and 4) existence of a warning that the case is in danger of dismissal." *Hobble-Diamond*, 272 Mont. at 40, 899 P.2d at 534.

¶10     Whalen first contends the District Court erred by failing to rule on his Motion for Summary Judgment. However, as the District Court explained in the hearings and orders since at least 2018, any ruling on the motion would be improper because of the unresolved procedural issues regarding Bridges' status in the litigation. She was a named plaintiff, but had not appeared, either *pro se* or by counsel, and Whalen was continuing to improperly act on her behalf.

¶11     By so proceeding, the District Court was acting in response to this Court's precedent. "An action must be prosecuted in the name of the real party in interest." M. R. Civ. P. 17(a)(1). We have held, "[a] party vested with legal title is the real party in interest in a dispute involving real property." *Kudloff v. City of Billings*, 260 Mont. 371,

7

374, 860 P.2d 140, 142 (1993). Consequently, the holder of legal title is an indispensable party whose presence is necessary to seek a binding judgment involving her interest in the property. *See Van Ettinger v. Pappin*, 180 Mont. 1, 12, 588 P.2d 988, 995 (1978) ("[T]he owners of the purported servient estates . . . as indispensable parties are not represented in this action and cannot have a binding judgment rendered against their possible interests or claims."). This requirement helps protect a defendant from multiple lawsuits and duplicitous litigation. *See Blakely v. Kelstrup*, 218 Mont. 304, 306-07, 708 P.2d 253, 255 (1985). These principles led to the District Court's repeated admonitions that Bridges, as the action had been pled, was an indispensable party, and needed to make an appearance. She could not be represented by Whalen, who was not a licensed attorney, nor could Whalen act on her behalf pursuant to a power of attorney authorization. *See, e.g.*, *Siemion v. Stewert*, No. CV 11-120-BLG-RFC-CSO, 2012 U.S. Dist. LEXIS 2703, at *8 (D. Mont. Jan. 10, 2012) (citation omitted) ("A power of attorney is not a vehicle which authorizes an attorney in fact to act as an attorney at law."); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself.").

¶12    Whalen argues that Bridges assigned her entire interest in the property to him, making him the real party in interest. The problem is that the case was not pled on this premise, and an authenticated assigned interest was not offered and established in the litigation. Rather, it was offered simply as an argument in briefing. From the initial filing, the litigation proceeded on the premise that Bridges was the property owner, for whom

8

counsel would be secured because Whalen could not act on her behalf, and that Whalen held only an equitable interest in the property. At the last moment, Whalen attempted to switch horses, claiming he was the true property owner and real party in interest, and that Bridges was unnecessary to the litigation. However, the 11-year history to the contrary, and the continued delay in addressing this issue, was not consistent with diligent prosecution of the claim. *Hobble-Diamond*, 272 Mont. at 40, 899 P.2d at 534.

¶13 We do not generally disagree with Whalen's arguments that he had due process rights to pursue his claims and the right to be heard in the courts. The fundamental requirements for due process are "notice and opportunity for hearing appropriate to the nature of the case." *In re Adoption of K.L.J.K.*, 224 Mont. 418, 421, 730 P.2d 1135, 1137 (1986) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 70 S. Ct. 652 (1950)). As such, we are loath to permit the dismissal of one's claim for damages. However, claims must be diligently pursued. *See* Mont. Const. art. II, § 3 ("In enjoying these rights, all persons recognize corresponding responsibilities."). Due process requirements are "flexible and may be adapted to meet the procedural protections demanded by a specific situation." *Geil v. Missoula Irrigation Dist.*, 2002 MT 269, ¶ 58, 312 Mont. 320, 59 P.3d 398 (citation omitted). As the case stood before the District Court, 11 years had passed since it was filed and there had been little progress on the case upon the basis it had been pled, despite multiple assurances by Whalen that the procedural issues would be corrected. Extra time—years—had been granted, and warnings of dismissal had been given. Nonetheless, proper corrective action was not taken. Beartooth was faced

with yet continuing litigation that had nothing to do with the merits of the claim against it, but about the status of the Plaintiffs. Given this record, all of the *Hobble-Diamond* factors weigh in favor of dismissal. Accordingly, we cannot conclude the District Court abused its discretion by ruling there had been a failure to prosecute the case.[1]

¶14　We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the District Court's ruling was not an abuse of discretion.

¶15　Affirmed.

/S/ JIM RICE

We concur:

/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR

*Chief Justice Mike McGrath did not participate in this matter.*

---

[1] Under the circumstances of this case, we conclude that separate personal notice to Bridges, a named party, was not required. The District Court explained in its August 12, 2022 Order that she must either appear *pro se* or hire counsel, or the Court would "have no recourse but to dismiss the case for failure to prosecute," and that "[s]uch dismissal will apply to both Whalen and Bridges." This Order served as notice to both Whalen and Bridges that dismissal was imminent if counsel was not retained or Bridges did not appear. This provided notice in the same way that Bridges had received notice throughout the proceeding.